■ BRAD GRAHAM, Respondent, v DIM-ROSY U.S.A. CORPORATION et al., Appellants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered January 10, 1986, which, *inter alia,* denied defendants' motion to dismiss as to the second cause of action and to stay proceedings on that cause of action, unanimously modified, on the law and on the facts and in the exercise of discretion, to grant the motion to stay proceedings on the second cause of action pending disposition of the Connecticut action, and, except as thus modified, affirmed, without costs or disbursements.

We agree with Special Term that the second cause of action alleging interference with an employment contract is sufficiently pleaded to state a cause of action and to meet the pleading requirements of CPLR 3013 and 3016. Interference

with an employment contract is actionable, even though the contract is terminable at will, if the alleged means employed were wrongful. *(Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 194.) The making of fraudulent representations, a recognized form of wrongdoing sufficient to support such a cause of action *(supra),* is pleaded here, as is malice. While the complaint does not specifically allege that defendants' sole purpose was to damage plaintiff, that fact is implicit as is defendants' awareness of the contract with which they allegedly interfered. Nor, since this is not a defamation action, was plaintiff required, as defendants argue, to allege the offending false statements *in haec verba.* Thus, the requirements of CPLR 3013 and 3016 are met.

Special Term, however, erred in failing, as requested, to stay proceedings on the second cause of action pending disposition of the Connecticut action. The Connecticut action was first commenced. There was complete identity of parties and issue in the dismissed first cause of action and, while plaintiff has joined other parties on his related second cause of action, the essential identity of the parties remains intact. "Substantial, not complete, identity of parties is all that is required to invoke CPLR 3211 (subd [a], par 4) [citations omitted]." *(Barringer v Zgoda,* 91 AD2d 811.) A favorable ruling in the Connecticut action for defendant Dim-Rosy (plaintiff there) will, in all likelihood, establish the truth of the alleged statements to the subsequent employer of plaintiff (defendant there) and undermine his second cause of action.

In the circumstances, the motion to stay proceedings on the second cause of action pending disposition of the Connecticut action should have been granted. We modify accordingly. Concur—Sullivan, J. P., Carro, Milonas, Ellerin and Smith, JJ.