■ DAVID MORGULAS, as Testamentary Trustee of Trusts Created by I. ROY PSATY, Deceased, et al., Appellants, v J. YUDELL REALTY, INC., Respondent.—Order of the Supreme Court, New York County (Carmen B. Ciparick, J.), entered on March 10, 1989, which granted defendant's motion, *inter alia,* to dismiss the complaint pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending between the same parties for the same cause of action in another jurisdiction, is

unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying defendant's motion to dismiss and granting the motion for a transfer of venue to Nassau County, and otherwise affirmed, without costs or disbursements.

Appeal from the order of the Supreme Court, New York County (Carmen B. Ciparick, J.), entered on June 22, 1989, which denied plaintiffs' motion to reargue and renew, is dismissed as unappealable and/or academic, without costs or disbursements.

Plaintiffs David Morgulas, as testamentary trustee under the will of I. Roy Psaty, and Joseph Weiser (the Psaty plaintiffs), individually and as members of a joint venture, commenced this action for an accounting by defendant J. Yudell Realty, Inc. based upon its management of the Baldwin Harbor Shopping Center. Plaintiffs each own a one-third interest as tenants in common of the real property constituting the shopping center, and the remaining one-third interest is held by Julius Yudell and Martin D. Yudell, who are the principals of defendant enterprise. A dispute ultimately arose between the participants in the joint venture, which was originally created in 1965, and plaintiffs endeavored to terminate Yudell Realty from its management position. The Yudells, in their individual capacity, thereupon instituted litigation in the Supreme Court, Nassau County, against plaintiffs in which they sought to dissolve the parties' joint venture and also applied for a partition of the real property. Plaintiffs subsequently brought the present action for an accounting in the Supreme Court, New York County, against Yudell Realty rather than the individual Yudells. Defendant then moved to dismiss the complaint and for additional relief.

It is defendant's contention that the New York County action is precluded under CPLR 3211 (a) (4) due to the existence of the prior Nassau County lawsuit. Pursuant to this provision, a party may move to dismiss one or more causes of action on the ground that "there is another action pending between the same parties for the same cause of action in a court of any state or the United States". Although it is within a court's discretion whether or not to grant dismissal on this basis *(Whitney v Whitney,* 57 NY2d 731), relief is still dependent on there being an identity of parties and of the cause(s) of action for which dismissal is being requested *(see, Kent Dev. Co. v Liccione,* 37 NY2d 899; *Mid-State Precast Sys. v Corbetta Constr. Co.,* 133 AD2d 959). In that regard, an action for dissolution and partition is clearly not the same as one

demanding an accounting. The fact that plaintiffs have the option of counterclaiming for an accounting in Nassau County, and therefore, that there *could* be such cause of action there "is not a sufficient basis upon which to justify dismissal" *(Blank v Miller,* 122 AD2d 356, 358; *see also, Kent Dev. Co. v Liccione, supra,* wherein the Court of Appeals reversed a decision in favor of dismissal in which the Appellate Division had noted that "[a]ll of the issues sought to be raised here can be tried in that action" [45 AD2d 965]). Moreover, even if the Supreme Court herein is correct in concluding that a dissolution in Nassau County will inevitably result in an accounting, it is significant that Partnership Law § 74 does not mandate an accounting, and, moreover, the sort of accounting desired by the Psaty parties is not necessarily the same type of accounting available upon dissolution of the joint venture in Nassau County even assuming that the Yudells prevail in their Nassau County lawsuit. Certainly, plaintiffs are under no obligation to facilitate the Yudells in succeeding in their action in Nassau County.

Finally, it was inappropriate for the Supreme Court to find an identity of parties by, in effect, piercing the corporate veil without a request that this be done and, even more importantly, any demonstration by defendant that such a result is warranted. Since the Yudells individually have availed themselves of the protection of the corporate form, they should not be permitted to disregard that form simply because it is convenient. Thus, while dismissal under CPLR 3211 (a) (4) is not necessarily defeated by substantial, as opposed to complete, identity of parties *(Graham v Dim-Rosy U.S.A. Corp.,* 128 AD2d 417), which generally is present when at least one plaintiff and one defendant is common in each action *(see, Barringer v Zgoda,* 91 AD2d 811), individual principals of a corporation are legally distinguishable from the corporation itself. Accordingly, the Supreme Court improperly granted defendant's motion to dismiss except to the extent that dismissal was appropriate insofar as limited to plaintiffs in their individual capacity. Although the Psaty parties commenced this action both for themselves individually and as tenants in common of the joint venture, they have conceded that they are suing only on behalf of the joint venture.

There is no merit to defendant's assertion that plaintiffs have failed to state a cause of action. An allegation of wrongdoing is not an indispensable element of a demand for an accounting where the complaint indicates a fiduciary relationship between the parties or some other special circumstance

warranting equitable relief *(see, Merchants Importing v Kuhn & Schneider,* 27 AD2d 709). Further, it is not evident that plaintiffs have not claimed any wrongdoing on the part of defendant since a broad reading of the complaint supports the view that it does contain an allegation that Yudell Realty has wrongfully refused to authorize access to the corporate records. Defendant also moved for stay under CPLR 2201 or 3211 (a) (4); but, in the absence of an identity of parties or cause(s) of action, no right to a stay has been demonstrated. However, there is validity to defendant's argument that venue of this action would be more appropriate in Nassau County. While the New York County and Nassau County suits are not so substantially similar to the degree that dismissal is justified, they do arise out of the same facts and circumstances, largely involve the same witnesses and documents, most of which are located in Nassau County, and the shopping center itself is situated in that county. Moreover, the lesser congestion of the Nassau County calendar, urged as a factor favoring venue therein, although not dispositive, is a matter to be considered *(A.M.I. Intl. v Pool Sales & Serv.,* 94 AD2d 890). To show the convenience of witnesses, a movant is required to set forth the names and addresses of the potential witnesses, a summary of their proposed testimony and the materiality of that testimony *(Schneeweiss v Pelkey,* 138 AD2d 271). Defendant's factual demonstration with respect to this subject might have been more detailed, but it is adequate, particularly when taking into account that Nassau County's nexus to the instant action is clearly much greater than that of New York County. Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.