■ HOWARD GOTBETTER, Appellant, v DOW JONES & COMPANY, INC., et al., Respondents. [687 NYS2d 43] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 17, 1997, which granted defendants' motion to dismiss the complaint for failure to state a cause of action in defamation, unanimously affirmed, with costs.

Defendants wrote and published an article about a Federal lawsuit commenced by plaintiff against Victoria's Secret, detailing the circumstances of that action and several similar frivolous lawsuits commenced by plaintiff, who then commenced the instant action against these defendants alleging libel per se. The court correctly granted defendants' motions to dismiss the complaint on the ground that there is nothing in the complained of article that defames plaintiff in his trade, business or profession as alleged in the complaint (*see, Aronson v Wiersma*, 65 NY2d 592, 594).

The report in the article that Victoria's Secret's counsel called plaintiff's suit "baseless" is not actionable because the cited statement is merely an opinion (*Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 256, *cert denied* 500 US 954). Even if factual, however, the statement would be impregnable as against a defamation claim, the District Court in the course of dismissing plaintiff's complaint in the Victoria's Secret lawsuit and imposing sanctions of $5000, having made special note of

"the flagrant lack of merit to Plaintiffs' RICO claims, the likelihood that [his] action was filed for improper purposes, and the substantial burden this litigation has imposed on Defendants" (*Katzman v Victoria's Secret Catalogue*, 167 FRD 649, 661, *affd* 113 F3d 1229).

Plaintiff argues that defendants' reporting was not fair and balanced, but this Court has observed that "[w]hether or not a particular article constitutes unbalanced reporting is essentially a matter involving editorial judgment and is not actionable" (*Sprecher v Dow Jones & Co.*, 88 AD2d 550, 551, *affd* 58 NY2d 862). Concur—Ellerin, P. J., Nardelli, Williams and Rubin, JJ.