■ ANTHONY COMO, Appellant, v GREGORY RILEY et al., Respondents. [731 NYS2d 731] —Order, Supreme Court, New York County (Edward Lehner, J.), entered August 18, 2000, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to deny the motion with respect to plaintiff's causes of action for defamation and to reinstate those causes, and otherwise affirmed, without costs.

Assuming, as we must on this motion to dismiss, that the statement in the purportedly defamatory e-mail, that plaintiff's office cubicle contained a statuette of a black man hanging from a white noose, was false as alleged by plaintiff, defendants' views premised on such statement, published under the heading "Racism," are not immune from redress for defamation as non-actionable statements of opinion (*see, Silsdorf v Levine*, 59 NY2d 8, *cert denied* 464 US 831; *Parks v Steinbrenner*, 131 AD2d 60, 62-63). Plaintiff's defamation causes, dismissed by the motion court as directed at non-actionable statements of opinion, should, then, be reinstated.

The motion court's dismissal of plaintiff's remaining claims

for intentional infliction of emotional distress and negligence was, however, correct. The complained of conduct, as alleged, while highly objectionable, is neither sufficiently extreme nor outrageous to support a claim for intentional infliction of emotional distress (*see, Wilson v DiCaprio*, 278 AD2d 25, 26; *Seltzer v Bayer*, 272 AD2d 263). Moreover, since the facts alleged by plaintiff are inseparable from the tort of defamation, plaintiff may not recover on a negligence theory (*Butler v Delaware Otsego Corp.*, 203 AD2d 783, 785). Concur—Nardelli, J. P., Andrias, Lerner, Saxe and Marlow, JJ.