STELLA KONDO-DRESSER, Appellant, v BUFFALO PUBLIC SCHOOLS et al., Respondents. [794 NYS2d 768]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered March 11, 2004. The order granted defendants' motion to dismiss the complaint for failure to state a cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the first cause of action against defendants Buffalo Public Schools and Fatima Morrell, individually and as principal of Buffalo Public School No.31, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for defamation and intentional infliction of emotional distress. According to plaintiff, defendant Fatima Morrell, individually and as principal of Buffalo Public School No.31, made defamatory statements in her performance evaluation of plaintiff, a special education teacher for defendant Buffalo Public Schools (School).

We agree with plaintiff that Supreme Court erred in granting that part of defendants' motion seeking dismissal of the first cause of action, for defamation, against Morrell and the School, and we therefore modify the order accordingly. "A privileged communication is one which, but for the occasion on which it is uttered, would be defamatory and actionable" (*Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 208 [1983]). A qualified privilege

applies "where the communication is made to persons who have some common interest in the subject matter" (*Foster v Churchill*, 87 NY2d 744, 751 [1996]; *see Liberman v Gelstein*, 80 NY2d 429, 437 [1992]; *Kilcoin v Wolansky*, 75 AD2d 1, 6 [1980], *affd* 52 NY2d 995 [1981]). The defense of qualified privilege is defeated by a showing that the defendant spoke with malice, i.e., where it is shown that "the motivation for making such statements was spite or ill will (common-law malice) or [that] the statements [were] made with [a] high degree of awareness of their probable falsity (constitutional malice)" (*Foster*, 87 NY2d at 752 [internal quotation marks omitted]; *see Liberman*, 80 NY2d at 437-438). Here, Morrell was protected by a qualified privilege in communicating the performance evaluation to defendant Marion Cañedo, the Superintendent of the School (*see Stukuls v State of New York*, 42 NY2d 272, 278-279 [1977]). We conclude, however, that the complaint contains sufficient allegations that Morrell acted with malice in making the alleged defamatory statements to withstand that part of defendants' motion seeking dismissal of the defamation cause of action against Morrell and the School, her employer (*see id.* at 280-283). We reject defendants' contention that all of the statements were inactionable opinion (*see generally Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]).

Contrary to plaintiff's contention, however, the court properly granted that part of defendants' motion seeking dismissal of the second cause of action, for intentional infliction of emotional distress. The statements made by Morrell in plaintiff's performance evaluation were "not so outrageous in character and so extreme in degree that they are utterly intolerable in a civilized community" (*Harville v Lowville Cent. School Dist.*, 245 AD2d 1106, 1107 [1997], *lv denied* 92 NY2d 808 [1998]; *see Sclar v Fayetteville-Manlius School Dist.*, 300 AD2d 1115 [2002], *lv denied* 99 NY2d 510 [2003]; *Doe v County of Wayne*, 261 AD2d 950 [1999]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Hayes, JJ.