■ STAPLETON STUDIOS, LLC, et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [810 NYS2d 657]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 29, 2004, which granted in part and denied in part defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The absence of a written development agreement or long-term lease is fatal to most of plaintiffs' causes of action, which are barred by the statute of frauds. The complaint, when liberally construed, however, makes out a claim for tortious interference with prospective business relations based on its allegations of slander and business defamation (*cf. Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [2002]). The slander and business defamation allegations, based on statements made by defendants' representatives to the press, are reasonably susceptible of defamatory connotation (*see Armstrong v Simon & Schuster*, 85 NY2d 373, 380 [1995]), and themselves state a cognizable claim for relief. On the record now before us with regard to Alper's position and responsibilities and the context in which the remarks were made, the motion court was correct insofar as it concluded that the remarks at issue are not entitled as a matter of law to an absolute privilege (*see Stukuls v State of New York*, 42 NY2d 272, 278 [1977]). Whether any privilege or other defense is applicable cannot be determined at this juncture.

We have reviewed the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on October 13, 2005 (22 AD3d 314 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.