■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIM WILLIAM, Appellant. [872 NYS2d 687]—Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered on or about August 21, 2006, unanimously affirmed. No opinion. Order filed. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.

■ JOHN PHILLIPS, Appellant, v KATHARINE T. CARTER, Respondent. [872 NYS2d 22]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered January 2, 2008, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, with costs.

Plaintiff's claim of tortious interference with prospective economic advantage is insufficient as a matter of law because the allegations in the amended complaint fail to establish that defendant acted solely to harm plaintiff by unlawful means beyond mere self-interest or other economic considerations (*Carvel Corp. v Noonan*, 3 NY3d 182 [2004]; *Jacobs v Continuum Health Partners*, 7 AD3d 312 [2004]). The allegations in the amended complaint clearly establish that plaintiff had a fee dispute with defendant, and that defendant was advancing her own self-interest in urging a third party, described in the complaint as an "occasional associate" of defendant, not to conduct business with plaintiff until the fee dispute was resolved.

Nor does the amended complaint allege facts showing that defendant's conduct was otherwise unlawful (*cf. Carvel Corp.*, 3 NY3d at 189). While the complaint alleges defendant falsely told the third party that plaintiff had breached his contract and "could not be trusted as a contract partner," it fails to state a claim for defamation, the only possible tort on the facts alleged. The factual allegations demonstrate that defendant's statements were either true or unactionable opinion (*see Manfredonia v Weiss*, 37 AD3d 286 [2007]; *Silverman v Clark*, 35 AD3d 1, 12-13 [2006]). Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.