■ BENNETT SPRECHER, Respondent-Appellant, v MARC THIBODEAU, Appellant-Respondent. [53 NYS3d 13]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered August 2, 2016, which, upon defendant's motion to dismiss the second amended complaint, granted the motion as to the negligence claim, and denied the motion as to the tortious interference with business relations claim, unanimously modified, on the law, to grant the motion as to the tortious interference claim insofar as it is premised on the attorney comments, and otherwise affirmed, without costs.

This dispute stems from a series of statements made by or on behalf of defendant, a press agent, about plaintiff, an aspiring Broadway producer, in connection with a Broadway musical plaintiff was producing entitled "Rebecca - The Musical." Nonparty Mark Christopher Hotton perpetrated a fraud on the musical involving the invention of fictitious investors, and in the statements at issue, defendant or his agents accused plaintiff of being complicit in the fraudulent scheme.

The negligence claim was properly dismissed because the facts alleged are inseparable from the tort of defamation, which was admittedly time-barred (*see Como v Riley*, 287 AD2d 416, 417 [1st Dept 2001]; CPLR 215 [3]). "[A] defamation cause of action is not transformed into one for negligence merely by casting it as [such]" (*Colon v City of Rochester*, 307 AD2d 742, 744 [4th Dept 2003], *lv denied* 100 NY2d 628 [2003] [internal quotation marks omitted]). The negligence claim additionally fails because the alleged false statements were made to third parties, not to plaintiff directly, and plaintiff did not rely on them (*see White v Guarente*, 43 NY2d 356, 362-363 [1977]; *Citytrust v Atlas Capital Corp.*, 173 AD2d 300, 302 [1st Dept 1991]).

Although the motion court denied defendant's motion to dismiss a prior version of the complaint containing the negligence claim, it appears to have done so not because the negligence claim was viable but because the complaint "outlined the basics" of a properly pleaded tortious interference claim. In any event, the doctrine of law of the case only applies to courts of coordinate jurisdiction and is not binding on this Court (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Myles v Spring Val. Marketplace, LLC*, 141 AD3d 425, 427-428 [1st Dept 2016]).

The tortious interference claim was properly sustained insofar as it was premised on emails sent by defendant to a key investor, but not insofar as it was premised on comments made by defendant's attorney that were quoted in various news articles.

As to the emails, plaintiff adequately pled that defendant's conduct was unlawful or for the sole purpose of inflicting intentional harm on plaintiff (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004])—as we observed in a related action premised on these same emails (*see Rebecca Broadway L.P. v Hotton*, 143 AD3d 71, 77 [1st Dept 2016]). Specifically, plaintiff alleged that, in sending the emails, defendant misappropriated confidential information he was privy to as a result of his position as the musical's press agent and committed the independent tort of defamation (*see Stapleton Studios, LLC v City of New York*, 26 AD3d 236 [1st Dept 2006]).

Dismissal is also not warranted on the ground that the tortious interference claim is duplicative of a claim brought against defendant in a related litigation by two corporate entities indirectly owned by plaintiff. CPLR 3211 (a) (4) authorizes dismissal where "there is another action pending between the same parties for the same cause of action." Here, there does not exist the requisite "substantial" identity of parties (*see White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 94 [1st Dept 1997]). Although Thibodeau is named as a defendant in both actions, there is no overlap in plaintiffs. "[I]ndividual principals of a corporation are legally distinguishable from the corporation itself" and a court may not "find an identity of parties by, in effect, piercing the corporate veil without a request that this be done and, even more importantly, any demonstration by defendant that such a result is warranted" (*Morgulas v Yudell Realty*, 161 AD2d 211, 213 [1st Dept 1990]).

Furthermore, the subject matter of the two suits, although related, is not sufficiently similar to merit dismissal. While both actions involve claims for tortious interference with business relations based at least in part on the same set of emails, the claim in the instant action relates to interference with plaintiff's relationships with parties who would otherwise have been willing to work with him on theater projects, whereas the claim in the related action focuses solely on the corporate entities' relationship with the key investor. Similarly, whereas the damages sought in the instant action are to plaintiff himself and his career, the damages sought in the related action are to the musical as a result of the investor's withdrawal of support.

As to the attorney comments, comments made to the media by a party's attorney regarding an ongoing lawsuit constitute nonactionable opinions (*see Gotbetter v Dow Jones & Co.*, 259 AD2d 335 [1st Dept 1999]; *see also Sabharwal & Finkel, LLC v Sorrell*, 117 AD3d 437 [1st Dept 2014]). Such comments are thus not wrongful in the manner required to support a tortious

interference claim (*see id.* at 438; *Phillips v Carter*, 58 AD3d 528 [1st Dept 2009]). Concur—Tom, J.P., Moskowitz, Feinman, Gische and Kapnick, JJ.