Shawe v Kramer Levin Naftalis & Frankel LLP (2018 NY Slip Op 08550)





Shawe v Kramer Levin Naftalis & Frankel LLP


2018 NY Slip Op 08550


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


151025/17 - 7870 7869 7871

[*1] Philip R. Shawe, Plaintiff-Appellant,
v
Kramer Levin Naftalis & Frankel LLP, et al., Defendants-Respondents.


Rodney A. Smolla, Wilmington, DE, of the bar of the State of Illinois, the State of Virginia and the State of Delaware, admitted pro hac vice, of counsel, for appellant.
Cahill Gordon & Reindel LLP, New York (Floyd Abrams of counsel), for respondents.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 5, 2018, dismissing the complaint with prejudice, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered February 20, 2018, which granted defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered April 23, 2018, which denied plaintiff's motion for leave to renew defendants' motion, unanimously affirmed, with costs.
Plaintiff alleges, inter alia, that he was defamed by defendants in interviews with journalists, an article, and press releases in which defendants made comments about litigation between him and Elizabeth Elting, whom they represented. Plaintiff and Elting co-founded a Delaware company and had litigated for years over control of the company. Most recently, a Delaware court had granted Elting's petition for the appointment of a custodian to sell the company to resolve the deadlock between her and plaintiff. In its August 13, 2015 post-trial decision, the court mentioned Elting's pending motion for sanctions against plaintiff, which the court said "raises very serious issues of spoliation and discovery abuse." In its July 20, 2016 decision on the sanctions motion, the Delaware court imposed sanctions against plaintiff equal to Elting's costs on the sanctions motion and one third of her litigation costs for the entire case, a total of more than $7 million.
Plaintiff failed to demonstrate that Supreme Court did not apply the correct standard on this motion to dismiss pursuant to CPLR 3211(a)(7). Moreover, he failed to mention that the motion was also made under CPLR 3211(a)(1). Supreme Court correctly evaluated the documentary evidence annexed to the motion.
Plaintiff's motion for leave to renew was not supported by new facts not previously offered that would "change the prior determination" (CPLR 2221[e][2]). Plaintiff relied on a February 15, 2018 order of the Delaware Chancery Court that approved his bid to buy the company. However, that order did not absolve plaintiff of the misconduct described in the court's post-trial and sanctions decisions, which were the basis for Supreme Court's determination of defendants' motion to dismiss.
Although the February 15, 2018 order showed that certain of defendants' predictions about the decision on the sanctions motion pending at the time did not come to pass, the predictions are not actionable as defamation (see Immuno AG. v Moor-Jankowski, 77 NY2d 235, 255 [1991], cert denied 500 US 954 [1991]). Moreover, the recounting of a judicial proceeding is not actionable simply because of later developments in the proceeding (Panghat v New York State Div. of Human Rights, 89 AD3d 597 [1st Dept 2011], lv denied 19 NY3d 839 [2012], cert denied 568 US 943 [2012]); Lacher v Engel, 33 AD3d 10, 14 [1st Dept 2006]).
Defendants' comment about plaintiff's "massive spoliation" or "spoliation in droves" is protected under Civil Rights Law § 74 as a fair and true report, even if the Delaware Chancery Court did not use defendants' exact words in its decision (see Holy Spirit Assn. for Unification of World Christianity v New York Times Co., 49 NY2d 63, 67 [1979]; see also Russian Am. Found., Inc. v Daily News, L.P., 109 AD3d 410 [1st Dept 2013], lv denied 22 NY3d 856 [2013]). The court concluded that plaintiff had intended and attempted to destroy "a substantial amount of information," and detailed plaintiff's responsibility for the deletion, in violation of court order, of approximately 41,000 files from his computer. Plaintiff argues that defendants overstated the matter, because his spoliation proved largely reversible. Indeed, of the 41,000 files deleted, 1,000 were permanently destroyed. However, plaintiff did not cause the recovery of the data; rather, it occurred in spite of him. Moreover, he lied under oath about his spoliating conduct. As the court observed, an unsuccessful spoliator is still a spoliator (see TR Invs., LLC v Genger, 2009 WL 4696062, *9, 2009 Del Ch LEXIS 203, *28 [Del Ch 2009], affd 26 A3d 180 [Del 2011]; see also Victor Stanley v Creative Pipe, Inc., 269 FRD 497 [D Md 2010]).
Defendants' comment that plaintiff was "holding Elting hostage" is protected under Civil Rights Law § 74. During the interviews at issue, defendants cited the section of the post-trial decision in which the court used similar language in summarizing Elting's position (see Greenberg v Spitzer, 155 AD3d 27, 52 [2d Dept 2017]). Defendants' statement that "no rational person would ever want to partner with [plaintiff]," which is nearly a verbatim quotation from the court's decision, is protected under the statute.
Plaintiff argues that defendants' comment that "[s]ome of the stuff, which I'm not at liberty to share with you, is so egregious that it really makes the jaw drop" should not have been found to be nonactionable opinion (see Sprecher v Thibodeau, 148 AD3d 654, 656 [1st Dept 2017] ["comments made to the media by a party's attorney regarding an ongoing lawsuit constitute nonactionable opinions"]), because it suggests that the comment is based on undisclosed defamatory facts (see e.g. Restatement [Second] of Torts § 566]). However, the complaint does not allege, as required, that the words of which plaintiff complains are defamatory (see CPLR 3016[a]). In any event, in context, the comment can reasonably be read as part of defendants' nonactionable prediction about the sanctions decision. Moreover, it is largely nonactionable hyperbole.
Supreme Court correctly dismissed the tortious interference with prospective business relations claim because the complaint fails to allege that plaintiff had a relationship with Bank of America with which defendants interfered. It contains conclusory allegations about a potential relationship, which is insufficient (BDCM Fund Advisor, L.L.C. v Zenni, 103 AD3d 475, 478 [1st Dept 2013]). Nor does the complaint allege, as required, that but for defendants' conduct plaintiff would have had an economic relationship with the bank (Vigoda v DCA Prods. Plus, 293 AD2d 265 [1st Dept 2002]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK