Mason ESC, LLC v Michael Anthony Contr. Corp. (2019 NY Slip Op 03962)





Mason ESC, LLC v Michael Anthony Contr. Corp.


2019 NY Slip Op 03962


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-00089
 (Index No. 706834/17)

[*1]Mason ESC, LLC, etc., appellant, 
v
Michael Anthony Contracting Corp., et al., respondents.


Kupillas, Unger & Benjamin, LLP, New York, NY (Jeffrey Benjamin of counsel), for appellant.
Rabinowitz Galina & Rosen, Mineola, NY (Gayle A. Rosen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered October 20, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint is denied.
In May 2017, the plaintiff commenced this action against the defendants Michael Anthony Contracting Corp. (hereinafter MACC) and Michael Perna (hereinafter together the defendants), to recover damages for breach of contract. The plaintiff alleged that the defendants breached their obligations under a contract entered into with Queens NY Realty, LLC (hereinafter Queens NY Realty), to construct an eye surgery center in Ozone Park. The plaintiff alleged that it was the "intended third party beneficiary" of that contract, and that, as a result of the defendants' improper conduct, the plaintiff "suffered damages in the form of rent paid, utilities expenses, equipment expenses and lost profits." The defendants moved, inter alia, pursuant to CPLR 3211(a)(4) to dismiss the complaint based on the existence of a prior pending action commenced by MACC against Queens NY Realty in Nassau County, wherein Queens NY Realty interposed an answer with counterclaims and commenced a third-party action against the defendants (hereinafter the Nassau County action). In an order entered October 20, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint. The plaintiff appeals.
" Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same'" (Cooper v Thao, 162 AD3d 980, 981, quoting DAIJ, Inc. v Roth, 85 AD3d 959, 959; see CPLR 3211[a][4]; Whitney v Whitney, 57 NY2d 731, 732). "[W]hile a complete identity of parties is not a necessity for dismissal under CPLR 3211(a)(4), there must be a substantial' identity of parties, [*2] which generally is present when at least one plaintiff and one defendant is common in each action'" (Jaber v Elayyan, 168 AD3d 693, 694, quoting Morgulas v Yudell Realty, 161 AD2d 211, 213 [citations omitted]; see Proietto v Donohue, 189 AD2d 807, 808).
Here, there is no common plaintiff in the Nassau County action and the instant action. Although Queens NY Realty and the plaintiff share the same owner, who was added as a third-party plaintiff in the Nassau County action, " [i]ndividual principals of a corporation are legally distinguishable from the corporation itself' and a court may not find an identity of parties by, in effect, piercing the corporate veil without a request that this be done and, even more importantly, any demonstration by defendant that such a result is warranted'" (Sprecher v Thibodeau, 148 AD3d 654, 656, quoting Morgulas v Yudell Realty, 161 AD2d at 213). Furthermore, the relief sought by the plaintiff in this action is not substantially the same as the relief sought by Queens NY Realty in the Nassau County action (see Matter of Spicer v Spicer, 162 AD3d 886, 887; Clark v Clark, 93 AD3d 812, 816). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(4) to dismiss the complaint.
The plaintiff's remaining contention concerning the timeliness of the defendants' motion need not be addressed in light of our determination.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court