Conklin v Laxen (2020 NY Slip Op 00958)





Conklin v Laxen


2020 NY Slip Op 00958


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND DEJOSEPH, JJ.


1144 CA 19-00210

[*1]KERRIN CONKLIN, PLAINTIFF-APPELLANT,
v
STACY LAXEN, DVM, AND BOARD OF DIRECTORS OF THE CENTRAL NEW YORK SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS, INDIVIDUALLY, AND AS AGENTS AND SERVANTS, OF AND DOING BUSINESS AS THE CENTRAL NEW YORK SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS (CNYSPCA), DEFENDANTS-RESPONDENTS. 






COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BARCLAY DAMON LLP, SYRACUSE (ROBERT J. THORPE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 10, 2018. The order, among other things, granted defendants' motion insofar as it sought to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the causes of action for tortious interference with employment and defamation against defendant Stacy Laxen, DVM, and vacating the second sentence of the ordering paragraph, and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to recover damages for tortious interference with employment, defamation, and intentional infliction of emotional distress (IIED). According to the complaint, at all times relevant to this appeal, plaintiff was the Executive Director of the Central New York Society for the Prevention of Cruelty to Animals (CNYSPCA) and defendant Stacy Laxen, DVM was a veterinarian for the CNYSPCA. During her tenure with the CNYSPCA, plaintiff directed that several cats be euthanized due to an outbreak of ringworm. Soon thereafter, and based on plaintiff's decision to approve euthanasia without input from a veterinarian, defendant Board of Directors of the CNYSPCA terminated plaintiff's employment. Plaintiff appeals from an order that, inter alia, granted defendants' motion insofar as it sought to dismiss the complaint against Laxen.
On this motion to dismiss, we accept the facts alleged in the complaint as true and accord plaintiff the benefit of every possible favorable inference (see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013]). "Whether the plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' " (id.).
We agree with plaintiff that Supreme Court erred in granting the motion with respect to the tortious interference with employment cause of action against Laxen, and we therefore modify the order accordingly. "[A]n at-will employee may assert a cause of action alleging tortious interference with employment where he or she can demonstrate that the defendant utilized wrongful means to effect his or her termination . . . In such cases, the plaintiff is required to show: (1) the existence of a business relationship between the plaintiff and a third party; (2) the defendants' interference with that business relationship; (3) that the defendants acted with the sole purpose of harming plaintiff or used dishonest, unfair, improper or illegal means that amounted to a crime or an independent tort; and (4) that such acts resulted in the injury to the plaintiff's relationship with the third party" (McHenry v Lawrence, 66 AD3d 650, 651 [2d Dept [*2]2009], lv denied 15 NY3d 703 [2010] [internal quotation marks omitted]). "[I]n order for a claim of tortious interference with an employment relationship to lie, it must be alleged that defendant coemployees acted outside the scope of their authority" (Marino v Vunk, 39 AD3d 339, 340 [1st Dept 2007]). Here, we conclude that the complaint sufficiently alleged that Laxen was acting outside the scope of her duties as an employee or agent of the CNYSPCA. Specifically, the complaint alleged, inter alia, that Laxen worked to interfere with plaintiff's business relationship with the CNYSPCA for the purpose of maliciously injuring plaintiff and insulating herself from repercussions for her own misconduct and veterinary malpractice (cf. McHenry, 66 AD3d at 652). The complaint also sufficiently alleged that Laxen made statements regarding plaintiff that amounted to an independent tort, i.e., defamation (see generally Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]; Sprecher v Thibodeau, 148 AD3d 654, 656 [1st Dept 2017]; Stapleton Studios, LLC v City of New York, 26 AD3d 236, 237 [1st Dept 2006]).
We further agree with plaintiff that the court erred in granting the motion with respect to the defamation cause of action against Laxen, and we therefore further modify the order accordingly. It is well established that " [t]he elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 962 [4th Dept 2014]). "A plaintiff in a defamation action must allege that he or she suffered special damages—the loss of something having economic or pecuniary value . .
. , unless the defamatory statement falls within one of the four per se exceptions, which consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman" (Spring v County of Monroe, 151 AD3d 1694, 1696-1697 [4th Dept 2017] [internal quotation marks omitted]). Here, we conclude that plaintiff sufficiently alleged that Laxen's statements constituted defamation per se inasmuch as they purportedly injured plaintiff in her "professional standing" (id. at 1697). Furthermore, despite the court's determination that plaintiff was a limited purpose public figure and Laxen was protected by the common interest qualified privilege, accepting the facts as alleged in the complaint as true, and according plaintiff the benefit of every possible favorable inference, we conclude that the complaint sufficiently alleged that Laxen acted with the requisite malice necessary to overcome those defenses (see Ferrara v Bank, 153 AD3d 671, 673 [2d Dept 2017]; Kondo-Dresser v Buffalo Pub. Schools, 17 AD3d 1114, 1115 [4th Dept 2005]; cf. Kipper v NYP Holdings Co., Inc., 47 AD3d 597, 597 [1st Dept 2008], affd 12 NY3d 348 [2009]).
We further agree with plaintiff that the court erred in concluding that the alleged defamatory comments were not actionable inasmuch as they were statements of opinion. "While a pure opinion cannot be the subject of a defamation claim, an opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, . . . is a mixed opinion and is actionable" (Davis v Boeheim, 24 NY3d 262, 269 [2014] [internal quotation marks omitted]). "What differentiates an actionable mixed opinion from a privileged, pure opinion is the implication that the speaker knows certain facts, unknown to [the] audience, which support [the speaker's] opinion and are detrimental to the person' being discussed" (id.). Here, at this early stage of the litigation, we cannot state as a matter of law that the allegedly defamatory statements are pure opinion (see id. at 274).
To the extent that Laxen and the court relied on CPLR 3211 (a) (1) in evaluating the exhibits attached to plaintiff's complaint, we agree with plaintiff that the court erred in relying on those exhibits to conclude that they established that Laxen's statements were true as a matter of law. "[I]nasmuch as truth is an absolute defense to an action based on defamation, documentary evidence' may . . . be offered to establish that the allegedly defamatory statement is substantially true" (Greenberg v Spitzer, 155 AD3d 27, 45 [2d Dept 2017]). "In this context, however, if the documentary evidence' is submitted specifically to establish the truth of its contents, it must be of such nature and reliability as to be essentially undeniable' . . . and must utterly refute[ ]' . . . the plaintiff's factual allegation that the allegedly defamatory statement is false. This is an exacting standard, which is not easily met at the pre-answer stage" (id. at 45-46). Here, we cannot conclude that the exhibits utterly refuted plaintiff's factual allegations that Laxen's allegedly defamatory statements were false.
Contrary to plaintiff's final contention, the court properly dismissed the IIED cause of [*3]action against Laxen. "The tort [of IIED] has four elements: (i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Howell v New York Post Co., 81 NY2d 115, 121 [1993]). Here, even accepting plaintiff's allegations as true and granting her every possible favorable inference, we conclude that the alleged conduct of Laxen cannot be deemed "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016] [internal quotation marks omitted]).
We note that the court, in light of its dismissal of the complaint against Laxen, denied as moot defendants' motion insofar as it sought to strike all scandalous and prejudicial matter from the complaint. In view of our decision herein, however, the motion insofar as it sought that relief is no longer moot. Thus, we further modify the order by vacating the second sentence of the ordering paragraph, and we remit the matter to Supreme Court to determine the motion to that extent (see generally Weiss v Zellar Homes, Ltd., 169 AD3d 1491, 1495 [4th Dept 2019]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court