Maak v Medina Professional Firefighters Assn., IAFF Local 2161 (2020 NY Slip Op 04645)





Maak v Medina Professional Firefighters Assn., IAFF Local 2161


2020 NY Slip Op 04645


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


239 CA 19-01689

[*1]MICHAEL MAAK, PLAINTIFF-RESPONDENT,
v
MEDINA PROFESSIONAL FIREFIGHTERS ASSOCIATION, IAFF LOCAL 2161, DEFENDANT, STEVEN COOLEY, INDIVIDUALLY, AND AS PRESIDENT OF MEDINA PROFESSIONAL FIREFIGHTERS ASSOCIATION, IAFF LOCAL 2161 AND MATTHEW JACKSON, INDIVIDUALLY, AND AS VICE PRESIDENT OF MEDINA PROFESSIONAL FIREFIGHTERS ASSOCIATION, IAFF LOCAL 2161, DEFENDANTS-APPELLANTS. 






THE SAMMARCO LAW FIRM, LLP, BUFFALO (ANDREA L. SAMMARCO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered February 22, 2019. The order denied defendants' motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed in its entirety.
Memorandum: Plaintiff commenced this action against defendant Medina Professional Firefighters Association, IAFF Local 2161 (Firefighters Association), defendant Steven Cooley, individually, and as president of the Firefighters Association, and defendant Matthew Jackson, individually, and as vice president of the Firefighters Association, seeking damages for, inter alia, intentional infliction of emotional distress and prima facie tort. According to plaintiff, Cooley and Jackson (defendants) made false and disparaging comments concerning plaintiff's performance in the course of his employment with the Village of Medina Fire Department. A prior order dismissed all causes of action except those asserted against defendants individually for intentional infliction of emotional distress and prima facie tort. Defendants now appeal from an order denying their motion for summary judgment dismissing those remaining causes of action. We reverse.
Defendants established their entitlement to summary judgment dismissing the cause of action for intentional infliction of emotional distress by demonstrating that their conduct was not so extreme or outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Cooper v Hodge, 28 AD3d 1149, 1151 [4th Dept 2006] [internal quotation marks omitted]; see generally Kondo-Dresser v Buffalo Pub. Schools, 17 AD3d 1114, 1115 [4th Dept 2005]). In opposition, plaintiff failed to raise a material issue of fact (see Cleveland v Perry, 175 AD3d 1017, 1019 [4th Dept 2019]).
Defendants are entitled to summary judgment dismissing the cause of action for prima facie tort because it is based on the same conduct as both the cause of action for intentional infliction of emotional distress and a previously dismissed cause of action for defamation, and it is thus duplicative of those causes of action (see Ripka v County of Madison, 162 AD3d 1371, 1373 [3d Dept 2018]; Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]; see generally Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). Moreover, defendants also established their entitlement to summary judgment on the cause of action for prima facie tort by [*2]demonstrating a lack of special damages, and plaintiff failed to raise an issue of fact in opposition (see generally Mancuso v Allergy Assoc. of Rochester, 70 AD3d 1499, 1501 [4th Dept 2010]; Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [1st Dept 2002]).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court