■ STEVEN T. BUCK, Appellant, v THOMAS C. ZWELLING, Defendant, and NIAGARA FALLS COACH LINES, INC., Respondent.

[707 NYS2d 281] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of the motion of Niagara Falls Coach Lines, Inc. (defendant) for summary judgment dismissing the cause of action for the negligent hiring, retention and supervision of its employee, defendant Thomas C. Zwelling. Defendant established that it neither knew nor should have known of any verbal or physical assaults or batteries by Zwelling to support that cause of action (*see, Kenneth R. v Roman Catholic Diocese*, 229 AD2d 159, 161, *cert denied* 522 US 967, *lv dismissed* 91 NY2d 848). Moreover, "[t]here is no common-law duty to institute specific procedures for hiring employees unless the employer knows of facts that would lead a reasonably prudent person to investigate the prospective employee" (*Kenneth R. v Roman Catholic Diocese, supra*, at 163). Because defendant hired Zwelling after he served as Superintendent of the Niagara Falls Police Department, it cannot be said that defendant was negligent in failing to investigate Zwelling's background (*see, Kenneth R. v Roman Catholic Diocese, supra*, at 163-164).

We reject plaintiff's contention that defendant had a duty to investigate Zwelling's employment records pursuant to Vehicle and Traffic Law § 509-d. Defendant hired Zwelling as its general manager, not as a "new bus driver" (Vehicle and Traffic Law § 509-d [1]). Moreover, the purpose of investigating the background of a new bus driver is to protect the safety of the carrier's passengers, not the safety of other employees.

We conclude that the court erred, however, in granting that part of the motion of defendant for summary judgment dismissing the causes of action for assault and battery and defamation against it. An employer may be held liable under the doctrine of respondeat superior for intentional torts (*see, Riviello v Waldron*, 47 NY2d 297, 304; *Rausman v Baugh*, 248 AD2d 8, 11), and the issue whether an employee is acting within the scope of his or her employment is ordinarily for jury resolution (*see, Riviello v Waldron, supra*, at 302-303). Here, defendant failed to meet its initial burden of establishing as a matter of law that Zwelling was not acting within the scope of his employment. We therefore modify the order by denying defendant's motion in part and reinstating the first and second causes of action against defendant. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.