■ ASHER B. EDELMAN, Appellant, v O'TOOLE-EWALD ART ASSOCIATES, INC. et al., Respondents, et al., Defendants. [814 NYS2d 98]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered May 16, 2005, which granted defendants' motion for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

In this action by an art collector against appraisers hired by his property insurer to evaluate damage to one of his paintings while on loan, plaintiff failed to demonstrate the requisite ele-

ments of his claims for appraiser malpractice, fraud and breach of fiduciary duty. Normally, insurance companies do not owe a fiduciary duty to their insureds, absent a showing of some special relationship (*see Murphy v Kuhn,* 90 NY2d 266 [1997]). Such a duty would be even more tenuous here, where the appraiser was hired to render reports directly to the insurer, without any linkage to the insured.

Plaintiff was unable to establish his reliance on the alleged misrepresentations made by defendants (*Parrott v Coopers & Lybrand,* 95 NY2d 479 [2000]; *LaSalle Natl. Bank v Ernst & Young,* 285 AD2d 101 [2001]), or that he suffered any detriment or injury thereby (*Laub v Faessel,* 297 AD2d 28, 30-31 [2002]). Similarly, he failed to demonstrate, for purposes of General Business Law § 349, that he suffered "actual" or pecuniary harm (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 56 [1999]), or that the alleged deceptive business practices were aimed at the consumer public at large (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20 [1995]). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.