# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**458**

**CA 13-01930**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

JD&K ASSOCIATES, LLC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SELECTIVE INSURANCE GROUP, INC., DEFENDANT,
SELECTIVE INSURANCE COMPANY OF AMERICA AND
SELECTIVE WAY INSURANCE COMPANY,
DEFENDANTS-APPELLANTS.

---

GALBO & ASSOCIATES, BUFFALO (RICHARD A. GALBO OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court,
Onondaga County (Anthony J. Paris, J.), entered January 25, 2013. The
judgment, among other things, denied that part of the motion of
defendants seeking summary judgment dismissing the complaint against
defendants Selective Insurance Company of America and Selective Way
Insurance Company.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by granting that part of defendants'
motion seeking summary judgment dismissing the third cause of action
and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff obtained a commercial insurance policy
from defendant Selective Way Insurance Company (Selective Way) that
provided coverage for, among other things, a building that plaintiff
owned and leased to a limousine service. Defendant Selective
Insurance Company of America (Selective Insurance) is an affiliate of
Selective Way and serves as its claims administrator. After two large
depressions appeared in the concrete slab floor of the building
insured under the policy, plaintiff submitted a claim for that loss.
Selective Insurance hired Peter Vallas Associates (Vallas) to
investigate the loss and, relying upon the findings in the resulting
"Investigative Engineering Analysis Report" (Vallas Report), Selective
Way disclaimed coverage. The disclaimer letter contained a number of
grounds for the disclaimer, but only the earth movement exclusion in
the policy remains at issue.

Plaintiff commenced this action against Selective Way and
Selective Insurance (defendants) and another company that is no longer

a party.  Plaintiff alleged four causes of action seeking, among other things, a declaration that defendants are obligated to provide coverage for its loss, an award of compensatory damages for breach of contract, and an award of compensatory and punitive damages for bad faith, misrepresentation and fraud, and deceptive acts and practices under General Business Law § 349.

Supreme Court properly denied those parts of defendants' motion seeking summary judgment dismissing the declaratory judgment and breach of contract causes of action and granted plaintiff's cross motion seeking partial summary judgment on those two causes of action. Defendants failed to meet the heavy burden on their motion of establishing that the earth movement exclusion negates coverage (*see Lee v State Farm Fire & Cas. Co.*, 32 AD3d 902, 904; *Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 70).  Even assuming, arguendo, that the earth movement exclusion applies, we conclude that the court properly determined that the endorsement containing the "Broadened Water-Direct Damage" extension of coverage unambiguously provides coverage for plaintiff's loss.  Any ambiguity arising from the conflict between the exclusion and the extension of coverage was properly resolved in favor of plaintiff and against defendants (*see generally Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307-308; *Oot*, 244 AD2d at 66).

The court also properly denied that part of defendants' motion seeking summary judgment dismissing the fourth cause of action, alleging deceptive acts and practices under General Business Law § 349.  Plaintiff alleged that the Vallas employee who investigated the loss and prepared the Vallas Report was not an engineer, and that defendants misrepresented his credentials to plaintiff.  Plaintiff further alleges that defendants' conduct was deceptive and part of a pattern of conduct that was not unique to plaintiff, but was directed at their policyholders generally.  Certain discovery relevant to the General Business Law § 349 cause of action remains outstanding, and thus the court properly concluded that summary judgment with respect to that cause of action would be premature (*see Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976; *see generally Colombini v Westchester County Healthcare Corp.*, 24 AD3d 712, 715).  Inasmuch as punitive damages may be available under General Business Law § 349 (*see Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 565; *Wilner v Allstate Ins. Co.*, 71 AD3d 155, 167), the court properly concluded that dismissal of plaintiff's claim for punitive damages would also be premature.

We agree with defendants, however, that the court erred in denying that part of their motion seeking summary judgment dismissing the third cause of action, alleging bad faith, misrepresentation and fraud, and we therefore modify the judgment accordingly.  The conduct alleged by plaintiff does not amount to bad faith (*see Cooper v New York Cent. Mut. Fire Ins. Co.*, 72 AD2d 1556, 1557).  Further, defendants established their entitlement to judgment dismissing the claim of misrepresentation and fraud by submitting evidence that plaintiff made further inquiry into the accuracy of their alleged representations and discovered that they were false, thereby negating

the element of detrimental reliance necessary to support that claim (*see Daly v Kochanowicz*, 67 AD3d 78, 91; *Ross v Gidwani*, 47 AD3d 912, 913; *Barrett v Huff*, 6 AD3d 1164, 1167).