# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

683
CA 15-01646
PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

JD&K ASSOCIATES, LLC, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

SELECTIVE INSURANCE GROUP, INC., DEFENDANT,
SELECTIVE INSURANCE COMPANY OF AMERICA AND
SELECTIVE WAY INSURANCE COMPANY,
DEFENDANTS-APPELLANTS.

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, NEW YORK CITY (RICHARD S. MILLS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LYNN LAW FIRM, LLP, SYRACUSE (PATRICIA A. LYNN-FORD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered February 6, 2015. The order denied the motion of defendants Selective Insurance Company of America and Selective Way Insurance Company for summary judgment dismissing plaintiff's fourth cause of action and granted the cross motion of plaintiff for leave to amend its complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the cross motion is denied, the motion is granted and the fourth cause of action is dismissed.

Memorandum: As we stated on the prior appeal in this matter (*JD&K Assoc., LLC v Selective Ins. Group, Inc.*, 118 AD3d 1402, 1402), plaintiff obtained a commercial insurance policy from defendant Selective Way Insurance Company (Selective Way) that provided coverage for, among other things, a building that plaintiff owned and leased to a limousine service. Defendant Selective Insurance Company of America (Selective Insurance) is an affiliate of Selective Way and serves as its claims administrator. After two large depressions appeared in the concrete slab floor of the building insured under the policy, plaintiff submitted a claim for that loss. Selective Insurance hired Peter Vallas Associates (Vallas) to investigate the loss. Selective Way subsequently disclaimed coverage, relying upon the findings in the "Investigative Engineering Analysis Report" (report) prepared by Vallas' investigator, who was not an engineer, as well as its interpretation of the policy. Plaintiff commenced this action against Selective Way and Selective Insurance (defendants) and another company that is no longer a party. On the prior appeal, we concluded, among

other things, that Supreme Court properly determined that plaintiff
was entitled to partial summary judgment on its breach of contract
cause of action inasmuch as an extension of coverage in the policy
unambiguously provided coverage for plaintiff's loss (*id.* at 1403).
We further concluded that the court properly denied as premature that
part of defendants' motion seeking summary judgment dismissing
plaintiff's fourth cause of action, alleging deceptive acts and
practices under General Business Law § 349, because certain discovery
related to that cause of action remained outstanding (*id.*).  In that
cause of action, plaintiff alleged, among other things, that
defendants retained a non-engineer to conduct the investigation and
misrepresented the investigator's credentials to plaintiff in
disclaiming coverage for the property loss.  Upon completion of such
discovery, defendants again moved for summary judgment dismissing
plaintiff's section 349 cause of action, and plaintiff cross-moved for
leave to amend the complaint with respect to that cause of action.  We
conclude that the court erred in denying defendants' motion and, thus,
in granting plaintiff's cross motion.

     Pursuant to General Business Law § 349, "[d]eceptive acts or
practices in the conduct of any business, trade or commerce or in the
furnishing of any service in this state" are unlawful (§ 349 [a]), and
the statute provides an injured party with a private right of action
to enjoin such unlawful acts or practices and to recover for
violations of the statute (*see* § 349 [h]).  "A plaintiff under section
349 must prove three elements: first, that the challenged act or
practice was consumer-oriented; second, that it was misleading in a
material way; and third, that the plaintiff suffered injury as a
result of the deceptive act" (*Stutman v Chemical Bank*, 95 NY2d 24, 29;
*see Electrical Waste Recycling Group, Ltd. v Andela Tool & Mach.,
Inc.*, 107 AD3d 1627, 1629-1630, *lv dismissed* 22 NY3d 1111).

     We agree with defendants that they met their initial burden of
establishing as a matter of law that their conduct was not
consumer-oriented.  It is well settled that, although the conduct need
not be repetitive or recurring to qualify as consumer-oriented, a
plaintiff "must demonstrate that the acts or practices have a broader
impact on consumers at large" and, thus, "[p]rivate contract disputes,
unique to the parties, . . . [do] not fall within the ambit of the
statute" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland
Bank*, 85 NY2d 20, 25; *see New York Univ. v Continental Ins. Co.*, 87
NY2d 308, 321).  Defendants established that the conflict here stems
from "a 'private' contract dispute over policy coverage and the
processing of a claim which is unique to these parties, not conduct
which affects the consuming public at large" (*New York Univ.*, 87 NY2d
at 321).  Indeed, the record establishes that defendants' decision to
disclaim coverage was based on the particular facts concerning the
nature of plaintiff's property damage and the language in the policy
(*see Security Mut. Life Ins. Co. of N.Y. v DiPasquale*, 283 AD2d 182,
182, *lv dismissed* 97 NY2d 653, 700), and that the alleged deceptive
practice here, i.e., defendants' use of the report from a non-engineer
in disclaiming coverage, had the potential to affect only a single
commercial property loss claim between plaintiff and defendants (*see
Canario v Gunn*, 300 AD2d 332, 333).  Contrary to plaintiff's

contention, the information concerning defendants' prior use of Vallas' investigative services contained in the affidavit of defendants' in-house complex claims counsel, which was based upon his personal knowledge, established that defendants had not implemented any type of practice of hiring an unqualified site investigator and then misrepresenting his or her qualifications to render an investigative report as a method of deceiving unsuspecting policyholders and improperly disclaiming coverage. We further conclude that the fact that defendants may have disclaimed coverage based in part on reports drafted by Vallas in a few commercial property cases closed within the last 15 years is insufficient to raise a material issue of fact whether the allegedly deceptive practice was standard or routine such that it potentially affected similarly situated consumers (*cf. Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 26-27; *North State Autobahn, Inc. v Progressive Ins. Group Co.*, 102 AD3d 5, 14), or whether the alleged conduct had a broad impact on consumers at large as contemplated by the statute (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 479-480). Furthermore, we reject plaintiff's contention that the court properly determined that the investigator's deposition testimony indicating that he prepared a significant number of engineering analysis reports for defendants in the past raises a material issue of fact whether the allegedly deceptive conduct impacted consumers at large. The underlying inference supporting that determination is that, if the investigator had prepared other reports for defendants, then defendants must have also misrepresented the investigator as an engineer to other policyholders, and such an inference is purely speculative and unsupported by the evidence in the record (*see generally Edelman v O'Toole-Ewald Art Assoc., Inc.*, 28 AD3d 250, 251, *lv denied* 7 NY3d 706; *Drepaul v Allstate Ins. Co.*, 299 AD2d 391, 392-393; *Teller v Bill Hayes, Ltd.*, 213 AD2d 141, 149, *lv dismissed in part and denied in part* 87 NY2d 937).

Even assuming, arguendo, that there is an issue of fact whether defendants' conduct was materially misleading, we nonetheless further agree with defendants that the record establishes that plaintiff was not injured as a result of the allegedly deceptive act or practice. "[W]hile the statute does not require proof of justifiable reliance, a plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or practice that caused actual, although not necessarily pecuniary, harm" (*Oswego Laborers' Local 214 Pension Fund*, 85 NY2d at 26; *see generally Small v Lorillard Tobacco Co.*, 94 NY2d 43, 55-56). Here, the submissions establish as a matter of law that the alleged misrepresentation of the investigator's credentials, and/or any reliance on the conclusions set forth in the report, did not cause actual harm to plaintiff. With respect to the claimed injury arising from the disclaimer of coverage, the record establishes that defendants' decision was based upon the factual observations contained in the report, i.e., that the depressions in the concrete slab were caused by settling of the fill with water discharge from a drain pipe as a contributing factor, coupled with defendants' interpretation of the policy exclusions as applied to those facts. The disclaimer was wholly unrelated to any

misrepresentation made by defendants to plaintiff regarding the investigator's credentials.  That conclusion is further supported by the fact that defendants erroneously continued to disclaim coverage even after the policy extension applicable to certain water damage was brought to their attention (*see JD&K Assoc., LLC*, 118 AD3d at 1402-1403).  To the extent that plaintiff contends that it suffered actual harm because it was compelled to retain a professional engineer to investigate the cause of the property damage, that decision resulted from defendants' adherence to the disclaimer given its interpretation of the policy despite the investigator's factual observations that supported coverage under the applicable policy extension (*see id.*).  We note that the factual findings in the report are not challenged by plaintiff and are essentially indistinguishable from the findings made by plaintiff's professional engineer.  We thus conclude that plaintiff's alleged injuries were caused by a disclaimer made on the basis of the undisputed factual circumstances of the property damage and defendants' adherence to its erroneous interpretation of the policy language, and did not result from any misrepresentation to plaintiff about the investigator's credentials (*see Amalfitano v NBTY, Inc.*, 128 AD3d 743, 746, *lv denied* 26 NY3d 913).

In light of our determination, defendants' remaining contention is academic.

Entered:  October 7, 2016                          Frances E. Cafarell
                                                   Clerk of the Court