Reid v Univera Healthcare (2019 NY Slip Op 09152)





Reid v Univera Healthcare


2019 NY Slip Op 09152


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND WINSLOW, JJ.


1112 CA 19-00940

[*1]LOIS REID, PLAINTIFF-APPELLANT,
v
UNIVERA HEALTHCARE, EXCELLUS HEALTH PLAN, INC., AND LIFETIME HEALTHCARE, INC., DEFENDANTS-RESPONDENTS. 






LAW OFFICES OF KENNETH HILLER PLLC, AMHERST (KENNETH R. HILLER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 23, 2018. The order granted defendants' motion to dismiss certain causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this breach of contract action in April 2018 alleging that defendant Excellus Health Plan, Inc., doing business as Univera Healthcare (Univera), improperly sued as Univera Healthcare and Excellus Health Plan, Inc., erroneously denied her Medicare Part D prescription drug coverage under the health insurance agreement (the Plan) between plaintiff and Univera. Specifically, plaintiff alleged that she was prescribed a compounded drug that Univera initially covered, but that Univera improperly refused to provide coverage for that compounded drug during certain periods of time between 2013 and 2017. Defendants moved, inter alia, to dismiss the first and third causes of action against Univera, as well as the claims for punitive and nonpecuniary damages. Plaintiff responded by filing an amended complaint, asserting the same causes of action and seeking the same relief, and the parties agreed that defendants' motion would be directed at the amended complaint. Supreme Court granted the motion, and we affirm.
Contrary to plaintiff's contention, the court properly dismissed the first cause of action, for violation of General Business Law
§ 349. "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act" (Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25-26 [1995]). We conclude that plaintiff's allegations did not state a cause of action for a violation of General Business Law § 349 inasmuch as Univera's conduct was not consumer-oriented. Rather, "this is merely a private contract dispute over [insurance] policy coverage, which does not affect[] the consuming public at large, and therefore falls outside the purview of General Business Law § 349" (Ullman v Medical Liab. Mut. Ins. Co., 159 AD3d 1498, 1499 [4th Dept 2018] [internal quotation marks omitted]; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 309-310 [2017]; JD & K Assoc., LLC v Selective Ins. Group, Inc., 143 AD3d 1232, 1233 [4th Dept 2016]; see generally New York Univ. v Continental Ins. Co., 87 NY2d 308, 320 [1995]). Furthermore, the amended complaint failed to allege that Univera engaged in a deceptive or misleading practice (see generally Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 324 [2002]; Oswego Laborers' Local 214 Pension Fund, 85 NY2d at 25). Plaintiff's reliance on statements made by Univera during the administrative appeals process is misplaced inasmuch as those statements were not made to plaintiff. In any event, those statements merely [*2]demonstrated Univera's interpretation of drug coverage under the Plan.
We reject plaintiff's further contention that the court erred in dismissing her third cause of action, for tortious breach of duty of reasonable care and fraud. A breach of contract "is not to be considered a tort unless a legal duty independent of the contract itself has been violated . . . This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). Here, plaintiff alleged in the amended complaint that "Univera owed [her] a duty of care stemming from the nature of the services it provided." We conclude that plaintiff's allegation does not constitute a tort cause of action inasmuch as it simply refers to Univera's obligation to provide health insurance coverage to plaintiff under the Plan. "Merely charging a breach of a duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (id. at 390; see New York Univ., 87 NY2d at 316; Sommer v Federal Signal Corp., 79 NY2d 540, 552 [1992]). Plaintiff's claim for fraud also fails inasmuch as "[i]t is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation" (767 Third Ave. LLC v Greble & Finger, LLP, 8 AD3d 75, 76 [1st Dept 2004]; see Tra-Lin Corp. v Empire Beef Co., Inc., 113 AD3d 1141, 1141-1142 [4th Dept 2014]; Makuch v New York Cent. Mut. Fire Ins. Co., 12 AD3d 1110, 1111 [4th Dept 2004]).
Inasmuch as Univera's denial of drug coverage pursuant to the Plan was specific to plaintiff, it follows that punitive damages were unavailable to plaintiff and, thus, the court properly dismissed that claim for damages (see generally Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]). Moreover, plaintiff did not allege such egregious conduct by Univera that would warrant punitive damages (see generally id.).
Finally, we reject plaintiff's contention that the court erred in dismissing the claim for nonpecuniary damages based on emotional distress. "[A]bsent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty" (Wehringer v Standard Sec. Life Ins. Co. of N.Y., 57 NY2d 757, 759 [1982]; see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1090-1091 [3d Dept 2017]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court