Spine Surgery of Buffalo Niagara v Geico Cas. Co. (2020 NY Slip Op 00789)





Spine Surgery of Buffalo Niagara v Geico Cas. Co.


2020 NY Slip Op 00789


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1298 CA 19-00125

[*1]SPINE SURGERY OF BUFFALO NIAGARA, PLAINTIFF-APPELLANT,
v
GEICO CASUALTY COMPANY, DEFENDANT-RESPONDENT. 






THE MORRIS LAW FIRM, P.C., BUFFALO (DANIEL K. MORRIS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
RIVKIN RADLER LLP, UNIONDALE (J'NAIA L. BOYD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered January 8, 2019. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint with prejudice. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by providing that the complaint is dismissed without prejudice and as modified the order is affirmed without costs.
Memorandum: Plaintiff, as the assignee of certain claims for
no-fault benefits, commenced this action asserting a single cause of action for prima facie tort and seeking, inter alia, punitive damages. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and Supreme Court granted the motion. Plaintiff appeals. For the reasons set forth in our decision in Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co. (175 AD3d 1100, 1101-1102 [4th Dept 2019]), which involved an identical complaint against defendant, we conclude that the court properly granted defendant's motion, and we do not consider documents submitted by plaintiff that were not considered by the court in determining the motion (see id.; Tuchrello v Tuchrello, 233 AD2d 917, 918 [4th Dept 1996]). Nevertheless, we agree with plaintiff that the dismissal of the complaint should have been without prejudice (see CPLR 205 [a]; Herrmann v Bank of Am., N.A., 170 AD3d 1438, 1442 [3d Dept 2019]; Clark v New York State Off. of Parks, Recreation & Historic Preserv., 288 AD2d 934, 935 [4th Dept 2001]), and we therefore modify the order accordingly.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court