Elizabeth Votsis & Crave L&D, LLC v ADP, LLC (2020 NY Slip Op 05311)





Elizabeth Votsis & Crave L&D, LLC v ADP, LLC


2020 NY Slip Op 05311


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


79 CA 19-00410

[*1]ELIZABETH VOTSIS AND CRAVE L & D, LLC, PLAINTIFFS-APPELLANTS,
v
ADP, LLC, DEFENDANT-RESPONDENT, AND DAVID THOMAS POLIT, DEFENDANT. 






THE COTTER LAW GROUP, MANHASSET (SCOTT B. MACLAGAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
KELLEY DRYE & WARREN LLP, NEW YORK CITY (WILLIAM S. GYVES OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 8, 2019. The order granted the motion of defendant ADP, LLC, to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first cause of action against defendant ADP, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages arising from an allegedly defamatory statement authored by defendant David Thomas Polit and published by him to the Facebook page of plaintiff Crave L & D, LLC (Crave), a restaurant. Polit's statement advised potential customers to stay away from the restaurant, alleging, among other things, health code violations, mistreatment of staff, and criminal activity. In their amended complaint, plaintiffs asserted causes of action against Polit himself and against defendant ADP, LLC (ADP), Polit's employer. According to the amended complaint, Polit published the relevant Facebook post days after Polit had solicited plaintiffs, on behalf of ADP, to purchase ADP's payroll services. In connection with that solicitation, plaintiffs alleged that they provided Polit with various internal business and financial records so that ADP could provide plaintiffs with a price quote for ADP's services. Plaintiffs now appeal from an order that granted ADP's motion to dismiss the amended complaint against it.
Accepting as true the facts alleged in the amended complaint, as we must on a motion to dismiss pursuant to CPLR 3211 (a) (7), and according plaintiffs the benefit of every possible favorable inference (see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Walden Bailey Chiropractic, P.C. v Geico Cas. Co., 173 AD3d 1806, 1806 [4th Dept 2019]), we agree with plaintiffs that Supreme Court erred in dismissing their first cause of action, for libel and defamation based on a theory of respondeat superior liability, against ADP. An employer may be held liable under a theory of respondeat superior for the intentional torts of its employees when done within the scope of employment (see Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033, 1034 [2d Dept 2007]; Buck v Zwelling, 272 AD2d 895, 895 [4th Dept 2000]). " 'An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incident to such employment' " (Holmes, 40 AD3d at 1034; see Baker v Lisconish, 156 AD3d 1324, 1325 [4th Dept 2017], appeal dismissed 31 NY3d 1042 [2018]). "[T]he issue whether an employee is acting within the scope of his or her employment is ordinarily for jury resolution" (Buck, 272 AD2d at 895).
To that end, plaintiffs' amended complaint explicitly alleged that "Polit was acting within the scope of his employment as a district manager employed by . . . ADP when he published the defamatory statements against [p]laintiffs." Assuming, arguendo, that this assertion alone is too conclusory to state a cause of action against ADP premised on respondeat superior liability (see generally Dominski v Frank Williams & Son, LLC, 46 AD3d 1443, 1444 [4th Dept 2007]), we conclude that plaintiffs sufficiently pleaded the existence of respondeat superior liability through other allegations, including, among other things, that Polit visited Crave for the sole purpose of soliciting plaintiffs to enter into a payroll service agreement with ADP, that Polit represented himself as ADP's district manager and requested Crave's business and payroll records in order to provide Crave with a quote for ADP's services, that the post was based on Polit's review of those records, that ADP encouraged Polit to use social media in connection with his sales work, that Polit published the post during regular business hours, and that ADP was aware of Polit's use of Facebook and authorized his conduct. Furthermore, we conclude that, with respect to ADP, plaintiffs sufficiently alleged the other necessary elements of their first cause of action (see generally Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379 [1977], rearg denied 42 NY2d 1015 [1977], cert denied 434 US 969 [1977]; D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 962 [4th Dept 2014]; Zetes v Stephens, 108 AD3d 1014, 1018-1019 [4th Dept 2013]). We therefore modify the order accordingly.
We reject plaintiffs' contention, however, that the court erred in dismissing their remaining causes of action against ADP. The court properly dismissed plaintiffs' second cause of action, alleging, inter alia, intentional infliction of emotional distress, against ADP inasmuch as that cause of action was based on the same facts as, and was duplicative of, plaintiffs' first cause of action (see Napoli v New York Post, 175 AD3d 433, 434 [1st Dept 2019], lv denied 35 NY3d 906 [2020]; Matthaus v Hadjedj, 148 AD3d 425, 425 [1st Dept 2017]; Dec v Auburn Enlarged School Dist., 249 AD2d 907, 908 [4th Dept 1998]). The court also properly dismissed plaintiffs' third cause of action, alleging breach of fiduciary duty, against ADP. A fiduciary relationship " 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation,' " and requires "a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]). " 'If the parties . . . do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricter duty for them' " (id. at 20). Here, plaintiffs failed to sufficiently allege the existence of a fiduciary relationship and instead merely alleged a single incident of sales solicitation by ADP.
Lastly, the court properly dismissed plaintiffs' fourth cause of action, alleging negligent supervision, hiring, retention, and training, against ADP inasmuch as the amended complaint alleged that Polit had acted within the scope of his employment (see Medical Care of W. N.Y. v Allstate Ins. Co., 175 AD3d 878, 880 [4th Dept 2019]; Walden Bailey Chiropractic, P.C., 173 AD3d at 1807; Passucci v Home Depot, Inc., 67 AD3d 1470, 1472 [4th Dept 2009]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court