Fika Midwifery PLLC v Independent Health Assn., Inc. (2022 NY Slip Op 04876)

Fika Midwifery PLLC v Independent Health Assn., Inc.

2022 NY Slip Op 04876

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, LINDLEY, AND BANNISTER, JJ.

564 CA 21-00563

[*1]FIKA MIDWIFERY PLLC, AND MAURA WINKLER, CNM, PLAINTIFFS-APPELLANTS,
v
INDEPENDENT HEALTH ASSOCIATION, INC., DEFENDANT-RESPONDENT. 

SCHRODER, JOSEPH & ASSOCIATES, LLP, BUFFALO (JENNIFER L. FRIEDMAN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
NIXON PEABODY LLP, BUFFALO (SUSAN C. RONEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered March 26, 2021. The order and judgment granted defendant's motion to dismiss the complaint in its entirety with prejudice. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion in part and reinstating the first, second, and third causes of action and by providing that the seventh cause of action is dismissed without prejudice and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiffs, providers of midwifery services, commenced this action against defendant, a health care benefits provider, asserting eight causes of action related to, inter alia, defendant's alleged tortious interference with plaintiffs' business relations with patients, denial or underpayment of claims related to services provided by plaintiffs, and defamatory statements about plaintiffs. Defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint in its entirety with prejudice, and Supreme Court granted that motion. We agree with plaintiffs that the court erred in granting the motion insofar as it sought dismissal of plaintiffs' first, second, and third causes of action, for tortious interference with business relations, defamation, and an injunction, and we modify the order accordingly. We also conclude that dismissal of the seventh cause of action, alleging a violation of Insurance Law § 3224-a, should have been without prejudice, and we further modify the order accordingly.
"In assessing 'a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction . . . We accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss' (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005])" (Pottorff v Centra Fin. Group, Inc., 192 AD3d 1552, 1553 [4th Dept 2021]; see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013]).
With respect to the first cause of action, for tortious interference with business relations, the party asserting such a claim must allege "(1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part and denied in part 14 NY3d 736 [2010]; see Conklin v Laxen, 180 AD3d 1358, 1359 [4th Dept 2020]; see generally Carvel Corp. v Noonan, 3 NY3d [*2]182, 189-190 [2004]).
Here, plaintiffs alleged that they had business relationships with third parties, i.e., patients, and that defendant knew of and intentionally interfered with those relationships. Additionally, plaintiffs alleged that defendant acted solely out of malice or used improper means (defamation) that could amount to an independent tort. Finally, plaintiffs alleged that defendant's interference caused injury to their relationships with their patients. Viewing the complaint liberally and accepting the facts as alleged as true (see Pottorff, 192 AD3d at 1553), we conclude that the complaint states a cause of action for tortious interference with business relations.
The second cause of action is for defamation, the elements of which are "a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se . . . A plaintiff in a defamation action must allege that he or she suffered special damages—the loss of something having economic or pecuniary value . . . , unless the defamatory statement falls within one of the four per se exceptions, which consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman" (Conklin, 180 AD3d at 1360 [internal quotation marks omitted]; see Spring v County of Monroe, 151 AD3d 1694, 1696-1697 [4th Dept 2017]). In addition, a plaintiff must "set forth in the complaint the particular words complained of, as required by CPLR 3016 (a)," and must "state the time, place, and manner of the allegedly false statements and to whom such statements were made" (Wegner v Town of Cheektowaga, 159 AD3d 1348, 1349 [4th Dept 2018] [internal quotation marks omitted]; see Nesathurai v University at Buffalo, State Univ. of N.Y., 23 AD3d 1070, 1072 [4th Dept 2005]).
Where, as here, a plaintiff alleges that the defamatory statements were made by the employees of a defendant, the "employer may be held liable under a theory of respondeat superior for the intentional torts of its employees when done within the scope of employment" (Votsis v ADP, LLC, 187 AD3d 1490, 1491 [4th Dept 2020]; see Buck v Zwelling, 272 AD2d 895, 896 [4th Dept 2000]; see generally Riviello v Waldron, 47 NY2d 297, 302-303 [1979]). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment" (Votsis, 187 AD3d at 1491 [internal quotation marks omitted]). "[T]he issue whether an employee is acting within the scope of his or her employment is ordinarily for jury resolution" (Buck, 272 AD2d at 896).
Here, plaintiffs specified the words that were allegedly defamatory and generally identified the time, place, and manner of those statements as well as to whom those statements were made. Some of the alleged defamatory statements could be interpreted as charging plaintiffs with a serious crime and, at the very least, tended to injure them in their trade or profession. Plaintiffs further alleged that the challenged statements were false and defamatory; were made without privilege and with actual knowledge that they were false; and were made with actual malice and with a wrongful and willful intent to injure plaintiffs' professional reputation.
Even if the complaint does not specifically state that the employees were acting on behalf of defendant at the moment of their statements, we are to afford the complaint "every possible favorable inference" (Leon, 84 NY2d at 87), and we can reasonably infer here that the employees' comments and actions were "incidental" to their employment (Votsis, 187 AD3d at 1491). We thus conclude that the complaint alleges facts sufficient to state a cause of action for defamation.
With respect to the third cause of action, for an injunction, it is well settled that, "[t]o sufficiently plead a cause of action for a permanent injunction, a plaintiff must allege that there was a violation of a right presently occurring, or threatened and imminent, that he or she has no adequate remedy at law, that serious and irreparable harm will result absent the injunction, and that the equities are balanced in his or her favor . . . However, injunctive relief is simply not available when the plaintiff does not have any
. . . substantive cause of action against [the] defendants . . . Although it is permissible to plead a cause of action for a permanent injunction, permanent injunctive relief is, at its core, a remedy [*3]that is dependent on the merits of the substantive claims asserted" (Hogue v Village of Dering Harbor, 199 AD3d 900, 902-903 [2d Dept 2021] [internal quotation marks omitted]).
Here, plaintiffs have alleged a violation of their rights, that they have no adequate remedy at law, and that irreparable harm will befall them absent an injunction. Inasmuch as we have concluded that the complaint sufficiently alleges two potential substantive torts, we further conclude that the complaint states a cause of action for an injunction.
With respect to the seventh cause of action, for a violation of Insurance Law § 3224-a, also known as the Prompt Pay Law, that law "imposes standards upon insurers for the 'prompt, fair and equitable' payment of claims for health care services. The statute sets forth time frames within which an insurer must either pay a claim, notify the claimant of the reason for denying a claim, or request additional information. An insurer that fails to comply with the provisions of the Prompt Pay Law is obligated to pay the full amount of the claim, with interest" (Maimonides Med. Ctr. v First United Am. Life Ins. Co., 116 AD3d 207, 208 [2d Dept 2014]). In its seminal decision on the issue, the Second Department held that the statute provides for an implied private right of action for health care providers, such as plaintiffs, against health insurers (see id. at 208-209; cf. Medical Socy. of State of N.Y. v Oxford Health Plans, Inc., 15 AD3d 206, 206 [1st Dept 2005], abrogated on other grounds by Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169 [2021]; see generally Carrier v Salvation Army, 88 NY2d 298, 302 [1996]).
In support of the seventh cause of action, plaintiffs alleged that defendant failed to fully reimburse them for claims within 45 days and that there was no evidence that plaintiffs' claims were improper. Plaintiffs did not, however, specify the claims that were unpaid or underpaid (cf. Maimonides Med. Ctr., 116 AD3d at 209-210). Although the complaint here is to be afforded a liberal construction (see Leon, 84 NY2d at 87), "the favorable treatment accorded to a
. . . complaint is not limitless and, as [a result], conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss" (F.F. v State of New York, 194 AD3d 80, 83-84 [3d Dept 2021], appeal dismissed and lv denied 37 NY3d 1040 [2021], cert denied — US &mdash, 142
S Ct 2738 [2022] [emphasis added and internal quotation marks omitted]; see Godfrey v Spano, 13 NY3d 358, 373 [2009]; Medical Care of W.N.Y. v Allstate Ins. Co., 175 AD3d 878, 879 [4th Dept 2019]). Even if we were to consider affidavits of plaintiff Maura Winkler, CNM in an effort to remedy the defect in the complaint (see Leon, 84 NY2d at 88), there is nothing in any affidavit that provides the requisite factual details. Rather, plaintiffs merely contend that defendant knows which claims it denied or underpaid. We thus conclude that the court did not err in granting the motion insofar as it sought dismissal of the seventh cause of action. Nevertheless, we agree with plaintiffs that the dismissal of that cause of action should have been without prejudice (see Spine Surgery of Buffalo Niagara v GEICO Cas. Co., 179 AD3d 1547, 1547 [4th Dept 2020]; Clark v New York State Off. of Parks, Recreation & Historic Preserv., 288 AD2d 934, 935 [4th Dept 2001]).
We reject plaintiffs' contention that the court erred in dismissing the remaining four causes of action. With respect to the fourth cause of action, for a violation of Education Law article 140, the statutory provisions at issue do not explicitly provide for a private cause of action and, as a result, "recovery may be had under the statute[s] only if a legislative intent to create such a right of action is 'fairly implied' in the statutory provisions and their legislative history" (Brian Hoxie's Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 211 [1990], quoting Sheehy v Big Flats Community Day, 73 NY2d 629, 633 [1989]; see Ader v Guzman, 135 AD3d 671, 672 [2d Dept 2016]). Here, plaintiffs failed to establish that a right to a private cause of action can be inferred from the provisions of Education Law article 140 (see Carrier, 88 NY2d at 302; Sheehy, 73 NY2d at 633; Ader, 135 AD3d at 672-673).
With respect to the fifth cause of action, for a violation of General Business Law § 349, we conclude that plaintiffs' allegations do not "fall within the ambit of the statute" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]; see JD & K Assoc., LLC v Selective Ins. Group, Inc., 143 AD3d 1232, 1233 [4th Dept 2016]) inasmuch as "[t]he gravamen of the complaint is not consumer injury or harm to the public interest but, rather, harm to plaintiff[s'] business" (Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1661 [4th Dept 2009]; see Ideal You Weight Loss Ctr., LLC v Zillioux, 174 AD3d [*4]1473, 1475 [4th Dept 2019]).
Inasmuch as New York does not recognize civil conspiracy to commit a tort as an independent cause of action (see Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1402 [4th Dept 2019]), we further conclude that the court properly dismissed the sixth cause of action, for civil conspiracy.
With respect to the eighth cause of action, for breach of the covenant of good faith and fair dealing, we conclude that the court properly dismissed that cause of action. It is well settled that, "in the absence of a valid contract, dismissal of [a] cause of action to recover damages for breach of the implied covenant of good faith and fair dealing [is] warranted" (Meyer v New York-Presbyterian Hosp. Queens, 167 AD3d 996, 997 [2d Dept 2018], lv denied 33 NY3d 908 [2019]; see Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463, 463-464 [1st Dept 2012], lv denied 19 NY3d 804 [2012]). Here, plaintiffs failed to allege any facts that would establish a contractual relationship with defendant. Indeed, plaintiffs alleged in their complaint that they sought a contractual relationship with defendant but were denied that relationship.
Contrary to plaintiffs' contention, we conclude that the court did not err in failing to grant plaintiffs leave to replead the fourth, fifth, sixth, and eighth causes of action. " '[T]he decision whether to grant leave to amend pleadings rests within the court's sound discretion and will not be disturbed absent a clear abuse of that discretion' " (Sherman v St. Elizabeth Med. Ctr., 145 AD3d 1461,
1462 [4th Dept 2016]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court