Spine Surgery of Buffalo Niagara, LLC v Geico Cas. Co. (2022 NY Slip Op 07343)

Spine Surgery of Buffalo Niagara, LLC v Geico Cas. Co.

2022 NY Slip Op 07343

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.

791 CA 22-00038

[*1]SPINE SURGERY OF BUFFALO NIAGARA, LLC, PLAINTIFF-RESPONDENT,
v
GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY, DEFENDANTS-APPELLANTS. 

RIVKIN RADLER LLP, UNIONDALE (HENRY MASCIA OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE MORRIS LAW FIRM, P.C., BUFFALO (DANIEL K. MORRIS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 25, 2021. The order denied the motion of defendants to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff, as the assignee of certain claims for no-fault benefits, previously commenced an action against defendant GEICO Casualty Company asserting a single cause of action for prima facie tort and seeking, inter alia, punitive damages. GEICO Casualty Company moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and Supreme Court (Montour, J.) granted the motion. On plaintiff's appeal, we affirmed the substantive ruling but modified the order to provide that the dismissal was without prejudice (Spine Surgery of Buffalo Niagara v GEICO Cas. Co., 179 AD3d 1547 [4th Dept 2020]). Plaintiff thereafter commenced this action against defendants, asserting the same cause of action and again seeking, inter alia, punitive damages. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The court (Nugent Panepinto, J.) denied that motion, and defendants appeal.
"The requisite elements of a cause of action for prima facie tort are (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful" (Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). A plaintiff alleging prima facie tort must therefore allege that the defendant's "sole motivation was 'disinterested malevolence' " (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983]). Here, we conclude that the court erred in denying defendants' motion. Despite the additional allegations in the complaint and the additional materials that were submitted in opposition to the motion, the complaint still fails to state a cause of action for prima facie tort. Although the complaint alleges that defendants " 'acted maliciously' and 'with disinterested malice,' " (Greater Buffalo Acc. & Injury Chiropractic, P.C. v Geico Cas. Co., 175 AD3d 1100, 1101 [4th Dept 2019]), it does not allege that defendants' "sole motivation was 'disinterested malevolence' " (Burns Jackson Miller Summit & Spitzer, 59 NY2d at 333; see Medical Care of W. N.Y. v Allstate Ins. Co., 175 AD3d 878, 880 [4th Dept 2019]). "There can be no recovery [for prima facie tort] unless a disinterested malevolence to injure [a] plaintiff constitutes the sole motivation for [the] defendant['s] otherwise lawful act" (Medical Care of W. N.Y., 175 AD3d at 880 [emphasis added and internal quotation marks omitted]; see Walden Bailey Chiropractic, P.C. v Geico Cas. Co., 173 AD3d 1806, 1807 [4th Dept 2019]).
In light of our determination, we do not address defendants' remaining contentions.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court