Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 27, 2012, which, inter alia, denied defendants’ motion to dismiss the action as against Richard Casanas, denied defendants’ motion to cancel a notice of pendency filed by plaintiffs, and granted plaintiffs’ cross motion to compel compliance with much of their first request for production of documents, unanimously affirmed, with costs.
In this declaratory judgment action concerning the lease for apartments 3W and 3C (the apartments) at 73 West 82nd Street in Manhattan (the building), the record shows that defendant Carlei Group LLC paid nothing to acquire the subject building from its former owner, Aleida Realty Corp. Aleida Casanas, the mother of defendant Richard Casanas and plaintiff Peter Casanas, signed the purported transfer of title for both Aleida Realty, the seller, and Carlei, the buyer. The record also shows that Aleida Casanas was immediately replaced as manager of Carlei by Richard Casanas, who has since had complete control of Carlei. Thus, plaintiffs joined Richard Casanas as a defendant to insure that he is collaterally estopped by the judgment in this case from further conveying the property or contesting the validity of their leases. To achieve that result, he must be a party (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485-486 [1979]).
Since this action seeks a declaration of plaintiffs’ rights as lessees of the apartments, pursuant to a lease they allegedly executed on January 10, 1990 with then building owner Aleida Realty Corp., and will “affect . . . the possession, use or enjoyment of . . . real property” (CPLR 6501), the motion court properly sustained the notice of pendency (see Lawlor v 543 Second Ave. LLC, 49 AD3d 449, 449 [1st Dept 2008]).
The rules governing the scope of discovery in New York are liberally construed (see Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006]), and here, the motion court did not abuse its discretion (see 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486 [1st Dept 2009]) when it ordered compliance with plaintiffs’ discovery demands. *571 The contested demands relate directly to the issues in this case: i.e., the purported transfer of title between Aleida Realty Corp. and Carlei; whether Carlei had authority to issue the notices to quit; the characterization of plaintiffs’ tenancy in insurance records involving a 2009 fire; documents bearing the true signatures of Aleida E Casanas and Carlos Casanas, since defendants claim that plaintiffs’ lease is a forgery; and communications with Richard Casanas, with whom plaintiffs claim a history of animus.
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.