■ PK RESTAURANT, LLC, Doing Business as 212 RESTAURANT AND BAR, Appellant-Respondent, v IRA LIFSHUTZ et al., Respondents-Appellants, and 133 EAST 65TH STREET ASSOCIATES, LLC, et al., Respondents, et al., Defendants. [30 NYS3d 13]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered June 20, 2014, which, to the extent appealed from as limited by the briefs, granted defendants 133 East 65th Street Associates, LLC (Associates) and Peter Steensen's (together, the Associates defendants) motion to dismiss the breach of

contract, constructive eviction, piercing the corporate veil, and declaratory judgment causes of action as against them, granted the part of defendants Ira Lifshutz and 115 East 37th Realty LLC's (Realty) (together, the Realty defendants) motion seeking to dismiss the breach of contract, constructive eviction, and unlawful detainer claims against them and the declaratory judgment claim as against Lifshutz, and denied the part of the motion seeking to dismiss the tortious interference with contractual relations and specific performance claims and the declaratory judgment claim as against Realty, and to cancel plaintiff's notice of pendency, award the costs of same, and sanction plaintiff, and denied plaintiff's cross motion for leave to amend its complaint, unanimously modified, on the law, to deny the part of the Realty defendants' motion seeking to dismiss the breach of contract cause of action as against Realty, and to grant the parts of their motion seeking to dismiss the tortious interference with contractual relations cause of action and to cancel the notice of pendency, and otherwise affirmed, without costs.

From 1987 until December 2012, Associates owned real property located at 133 East 65th Street. The building was ultimately leased to defendant 133 East 65th Street Corporation (Corporation). As of December 28, 1998, Corporation leased the cellar, basement, and first floor (the premises) to plaintiff's predecessor through September 30, 2019. From June 1999 through February 8, 2010, plaintiff and its predecessor operated a successful restaurant. However, on the latter date, a fire devastated the premises, forcing plaintiff to vacate. Plaintiff alleges that Corporation failed either to restore the premises or to obtain a new certificate of occupancy so that plaintiff could reopen its restaurant. On or about January 31, 2011, Corporation informed plaintiff that it had ended its (Corporation's) tenancy with Associates, effective as of September 15, 2010. Thereafter, plaintiff tried unsuccessfully to have Associates restore the premises and obtain the certificate of occupancy.

After Associates locked plaintiff out of the premises and served a notice to cure, plaintiff commenced an action (the other action) against Associates and Corporation. The court in the other action restored plaintiff to the premises, conditioned upon its posting of an undertaking and payment of rent. Plaintiff failed to fulfill these conditions, and on July 5, 2012, it returned the keys to the premises to Associates and removed its furniture, fixtures, and equipment. Initially, Associates offered to let plaintiff take the keys back, but on July 18, 2012, it rescinded its offer, saying it would re-let the premises to a new

tenant. Moreover, it had terminated the lease as of July 11, 2012.

On September 13, 2012, Associates and Lifshutz entered into a contract whereby the former agreed to sell 133 East 65th Street to the latter or his assignee. Lifshutz assigned his rights to Realty, and Realty purchased the subject property on December 21, 2012. Some time between December 21, 2012 and December 4, 2013, Realty re-let the premises to a new tenant. On December 4, 2013, plaintiff commenced the instant action and, the next day, filed a notice of pendency against the property.

The court providently exercised its discretion in dismissing the first (breach of contract), second (constructive eviction), and seventh (declaratory judgment) causes of action* as against the Associates defendants pursuant to CPLR 3211 (a) (4) (other action pending). While Steensen is not a party to the other action, there is still a substantial identity of parties; complete identity is not required (*Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]). Similarly, both actions arose out of the "same subject matter or series of alleged wrongs" (*see id.* [internal quotation marks omitted]; *GSL Enters. v Citibank*, 155 AD2d 247 [1st Dept 1989]). As to the claims in the instant action that arose after plaintiff commenced the other action, plaintiff can seek leave to supplement its complaint in the other action (*see* CPLR 3025 [b]).

The court correctly dismissed the fourth cause of action seeking to pierce Associates' corporate veil to impose personal liability on Steensen since piercing the corporate veil is not a cause of action independent of a cause of action against the corporation (*see Ferro Fabricators, Inc. v 1807-1811 Park Ave. Dev. Corp.*, 127 AD3d 479, 480 [1st Dept 2015]). In any event, plaintiff's allegations about Steensen's domination and control and abuse of the corporate form are entirely conclusory and, hence, insufficient (*see e.g. id.*).

The second cause of action (constructive eviction) is also time-barred, as is the fifth cause of action (unlawful detainer). Plaintiff alleges that it was constructively evicted on or about July 5, 2012. It commenced the instant action more than a year later (*see Kent v 534 E. 11th St.*, 80 AD3d 106, 111 [1st Dept 2010]). The unlawful detainer claim seeks treble damages pursuant to RPAPL 853. A claim under that statute is a wrongful eviction claim, also governed by a one-year statute of limita-

---

* The third and fifth causes of action are asserted only against the Realty defendants, and the sixth is asserted only against Realty.

tions, which begins to run when "it is reasonably certain that the tenant has been unequivocally removed with at least the implicit denial of any right to return" (*Gold v Schuster*, 264 AD2d 547, 549 [1st Dept 1999]). This occurred at the latest on July 18, 2012, when Associates rescinded its offer to return the keys to plaintiff. Plaintiff commenced the instant action more than a year later.

The court correctly dismissed the first cause of action (breach of the sublease between plaintiff and Corporation and the master lease between Corporation and Associates) as against Lifshutz because Lifshutz is not a party to either of the above contracts. Although he was a party to the contract of sale with Associates, he assigned his rights thereunder to Realty, and Realty is the one that ultimately bought the subject property. For the same reason, the court correctly dismissed the seventh cause of action (declaratory judgment) as against Lifshutz.

However, the breach of the lease and sublease cause of action should not be dismissed as against Realty. The contract by which Associates sold 133 East 65th Street to Lifshutz or his assignee said, "Purchaser hereby agrees to assume at closing all liabilities with respect to all tenants of the Premises arising *prior to or* subsequent to the date of this Contract" (emphasis added). On the current record, it is difficult to discern Associates' and Lifshutz's intentions and, therefore, whether plaintiff was an intended (as opposed to incidental) third-party beneficiary of the contract of sale (*see generally Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 368 [1st Dept 2006], *lv dismissed* 7 NY3d 864 [2006]). However, even if, arguendo, plaintiff were only an incidental beneficiary, it would have a remedy, independent of the contract of sale, under Real Property Law § 223, which provides, "A lessee of real property [i.e., plaintiff] . . . has the same remedy against the lessor [Associates], [or] *his grantee* [Realty] . . . for the breach of an agreement contained in the lease, that the lessee might have had against his immediate lessor [Corporation]" (emphasis added).

Realty contends that plaintiff has no contract claim against it because plaintiff surrendered the premises by operation of law on July 5, 2012. However, whether plaintiff surrendered the premises by operation of law must be determined on the facts (*see Riverside Research Inst. v KMGA, Inc.*, 68 NY2d 689, 692 [1986]).

Realty also relies on Associates' termination of the lease. However, plaintiff disputes whether that termination was proper.

The court providently exercised its discretion in denying plaintiff's cross motion for leave to amend, since plaintiff neither submitted a proposed amended complaint (*see* CPLR 3025 [b]) nor indicated "the nature of, evidentiary basis for, or viability of, the proposed amendment" (*Cracolici v Barkagan*, 127 AD3d 414, 415 [1st Dept 2015], *lv denied* 25 NY3d 913 [2015]).

The third cause of action (tortious interference with contractual relations against the Realty defendants) should be dismissed. Plaintiff does not allege that, but for the Realty defendants' conduct, Associates would have continued the sublease (*see Burrowes v Combs*, 25 AD3d 370, 373 [1st Dept 2006], *lv denied* 7 NY3d 704 [2006]). On the contrary, the record indicates that Associates wanted to terminate it even before the Realty defendants arrived on the scene. Furthermore, the complaint alleges only in conclusory fashion that the Realty defendants intended to induce Associates to breach the sublease (*see CDR Créances S.A. v Euro-American Lodging Corp.*, 40 AD3d 421 [1st Dept 2007]).

The Realty defendants contend that the sixth cause of action (specific performance against Realty) should be dismissed because, inter alia, plaintiff can be adequately compensated with money damages. However, resolution of the question whether money damages would adequately compensate plaintiff must await a fuller record (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001]; *Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc.*, 112 AD3d 78, 87 [1st Dept 2013]). We have considered the Realty defendants' remaining arguments about specific performance in their main brief and find them unavailing. We decline to consider their contention, improperly raised for the first time in their reply brief, that plaintiff may not assert claims for both constructive eviction (which terminated the lease) and specific performance (of a terminated lease). Even if we were to consider this argument, we would find it unavailing, since causes of action may be stated alternatively (CPLR 3014). In any event, as indicated, the constructive eviction claim is time-barred.

The Realty defendants contend that the seventh cause of action (declaratory judgment) should be dismissed as against Realty because plaintiff makes no allegations against it, and an innocent tenant would be adversely affected if plaintiff were restored to possession. Contrary to the first argument, plaintiff alleges that Realty and/or Lifshutz re-let the premises to the new tenant. As to the second argument, the record does not

permit us at this pre-answer stage of the litigation to balance the hardship to the new tenant if it were dispossessed against the hardship to plaintiff if it were not restored to possession (*see Fillman v Axel*, 63 AD2d 876 [1st Dept 1978]). We decline to consider the Realty defendants' argument, made for the first time in their reply brief, that plaintiff's failure to name the new tenant as a party is fatal to its claim for a declaratory judgment.

The Realty defendants' motion to cancel the notice of pendency is granted. "[A] lease for years is deemed personalty" (*Matter of Grumman Aircraft Eng'g Corp. v Board of Assessors of Town of Riverhead*, 2 NY2d 500, 507 [1957], *cert denied* 355 US 814 [1957]). Accordingly, we have held that "[e]ven in the context of a summary proceeding to recover possession under a lease, a notice of pendency is unavailable" (*Rose v Montt Assets*, 250 AD2d 451, 452 [1st Dept 1998]). This is consistent with the notion that courts should apply "a narrow interpretation in reviewing whether an action is one affecting 'the title to, or the possession, use or enjoyment of, real property' " (*5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 321 [1984], quoting CPLR 6501).

To the extent plaintiff relies on *Lawlor v 543 Second Ave. LLC* (49 AD3d 449 [1st Dept 2008]) in support of its position that the notice of pendency was properly filed, we note that that case was decided on a unique set of facts. There, the out-of-possession tenant was asserting restoration, pursuant to Administrative Code of City of NY § 26-408 (d), to a building that had been demolished by the landlord. Nevertheless, given the suggestion in *Lawlor* and in *Casanas v Carlei Group, LLC* (105 AD3d 570 [1st Dept 2013]), which relied exclusively on *Lawlor*, that a notice of pendency filed by a possessory leaseholder could be viable, plaintiff had grounds to believe that it was justified in filing a notice of pendency. Therefore, it should not be forced to pay "costs and expenses occasioned by the filing and cancellation" (CPLR 6514 [c]).

We have considered the Realty defendants' arguments as to why plaintiff should be sanctioned and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.