| **Matter of CJK Real Estate LLC v City of New York** |
|:---:|
| 2025 NY Slip Op 30385(U) |
| January 31, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155110/2023 |
| Judge: Shahabuddeen A. Ally |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     <u>HON. SHAHABUDDEEN A. ALLY</u>                   PART 16M
                                    *Justice*

| | |
|---|---|
| In the Matter of the Application of<br><br>CJK REAL ESTATE LLC,<br><br>          Petitioner,<br><br>For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules,<br><br>      -against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, and NYC DEPARTMENT OF BUILDINGS<br><br>         Respondents, | **INDEX NO.**  155110/2023<br>**MOTION DATE** 10/25/2024<br>**MOTION SEQ. NO.** 001<br><br><br><br>**DECISION & ORDER** |

The following e-filed documents, listed by NYSCEF document number, were read on this motion (Seq. No. 1) to/for **ARTICLE 78 (BODY OR OFFICER): 1-6, 8-21**

In this Article 78 proceeding, petitioner CJK REAL ESTATE LLC ("<u>Petitioner</u>") seeks judicial review of the decision of respondent NEW YORK CITY OF OFFICE ADMINISTRATIVE TRIALS AND HEARINGS ("<u>OATH</u>") denying Petitioner's motion to vacate a default judgment on violations issued by respondents THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD ("<u>ECB</u>") and NYC DEPARTMENT OF BUILDINGS ("<u>DOB</u>", and, together with OATH and ECB, "<u>Respondents</u>") on Petitioner's property located at 169 East Broadway, New York, New York (the "<u>Subject Property</u>"). Petitioner brings this action on the grounds that the DOB did not properly serve Petitioner with the summons, Number 035494219P ("<u>Summons 19P</u>"), and, as a result, that their denial of the motion to vacate the decision was arbitrary and capricious. For the reasons discussed below, Petitioner's application is **DENIED**, and the Verified Petition is **DISMISSED**.

## I.    BACKGROUND

Petitioner, a corporation, owns the Subject Property. (NSYCEF Doc. 1, ¶6) On May 25, 2021, DOB issued Summons 19P to Petitioner's Subject Property for violation of Admin. Code § 28-201.1 for failure to comply with an order of the DOB Commissioner and failure to correct and certify the underlying violation cited in Summons Number 39020330Y, issued on March 24, 2020, for use of extension cords as permanent wiring and for use of unapproved, unsafe, and unsuitable connection under the front awning at the building. (NYSCEF Doc. 8, ¶ 60; NYSCEF Doc. 10) According to the Affirmation of Service, the issuing officer knocked on the door and rang the bell and a lady came out from the bar but refused service. The summons was served pursuant to New York City Charter ("Charter") § 1049-a(d)(2), Affix and Mail Service. (NYSCEF Doc. 10)

A hearing on Summons 19P was scheduled for August 21, 2021. (Id.) The notice of violation ("NOV") with the hearing date was also mailed to the registered owners, Petitioner and Jolanta Podbielska,[1] at the Subject Property and to Petitioner's mailing address at 675 Water Street, New York, New York; and to the lienholder, Dime Community Bank, and the Dime Savings bank of Williamsburg. (NYSCEF Doc. 11)

Petitioner failed to appear at the hearing on August 21, 2021, and a default order was issued against Petitioner by OATH. (NYSCEF Doc. 12) The default order was mailed to Petitioner at the Subject Property and the 675 Water Street address. (Id.) On March 10, 2022, six months after the default, Petitioner moved to vacate the default by attorney Richard Shum, Esq. on behalf of Charles Hanson as owner. (NYSCEF Doc. 13) On March 15, 2022, the motion was granted and a new hearing was scheduled for July 21, 2022. (Id.) The notice of the new hearing was mailed to Petitioner at the Subject Property and to Petitioner's attorney. (Id.)

On July 21, 2022, Mr. Shum appeared on behalf of Petitioner telephonically and requested an adjournment for additional time to prepare for the hearing. (NYSCEF Doc. 8, ¶ 67) The request was granted without objection, and the hearing was adjourned to November 10, 2022. (NYSCEF Doc. 14) The adjournment order was mailed to Mr. Shum. (Id.)

---

[1] According to the information on the 2006 and 2023, Podbielska was the sole member of Petitioner, CJK Real Estate LLC (NYSCEF Doc. 9)

155110/2023 CJK Real Estate LLC v. City of New York, et al.                     Page 2 of 5
Mot. Seq. No. 001

[* 2]

On November 10, 2022, neither Petitioner nor its counsel appeared, and OATH issued a default order. (NYSCEF Doc. 15) On November 22, 2022, the default order was mailed to Petitioner and Podbielska at the Subject Property and to the 675 Water Street address. (*Id.*) On February 12, 2023, Petitioner, via its representative, Nate Binder, submitted a motion to vacate the November 2022 default. (NYSCEF Doc. 16) Petitioner's motion alleged that the summons was not received, and that the underlying violation was cured. (*Id.*) Petitioner attached an affidavit of correction executed by Charles Hanson. (*Id.*)

On February 14, 2023, OATH denied Petitioner's motion to vacate the default because "a prior request for a new hearing was granted and [Petitioner] did not appear. [Petitioner's] second request did not establish that exceptional circumstances prevented [Petitioner] from appearing." (NYSCEF Doc. 17) The OATH decision was mailed to Petitioner's 675 Water Street address and to Mr. Binder at the address provided in the motion to vacate the default. (*Id.*)

On June 7, 2023, Petitioner filed this Article 78 proceeding.

## II.  DISCUSSION

In an Article 78 proceeding a court reviews an agency decision to determine whether it violates lawful procedures, is arbitrary or capricious, or is affected by an error of law. CPLR § 7803(3); *Kent v. Lefkowitz*, 27 N.Y.3d 499, 505 (2016); *W. 58th St. Coalition, Inc. v. City of N.Y.*, 188 A.D.3d 1, 8 (1st Dep't 2020). "This review is deferential for it is not the role of the courts to weigh the desirability of any action or choose among alternatives." *Save America's Clocks, Inc. v. City of N.Y.*, 33 N.Y.3d 198, 207 (2019) (internal quotation marks omitted). "[E]ven if different conclusions could be reached as a result of conflicting evidence," a reviewing court may not substitute its own judgment for that of the agency making the determination. *Partnership 92 LP v. N.Y.S. Div. of Hous. & Community Renewal*, 46 A.D.3d 425, 429 (1st Dep't 2007). "[T]he courts cannot interfere unless there is no rational basis for the exercise of discretion" or "the action is without sound basis in reason . . . and taken without regard to the facts." *Save America's Clocks*, 33 N.Y.3d at 207 (quoting *Pell v. Bd. of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester Cty.*, 34 N.Y.2d 222, 231 [1974]).

Here, the Court finds that the OATH decision was not arbitrary and capricious, was supported by evidence, and was consistent with the applicable law. Petitioner claims that it did

155110/2023 CJK Real Estate LLC v. City of New York, et al.          Page 3 of 5
Mot. Seq. No. 001

not receive the summons because the summons was improperly served. The summons was served pursuant to Charter § 1049-a(d)(2), Affix and Mail Service. The affirmation of service states that the issuing officer knocked on the door and rang the bell and a lady came out from the bar but refused service. The summons was subsequently posted on the front entrance door and additional mailing was sent to Petitioner at the Subject Property and Petitioner's mailing address. Charter § 1049-a(d)(2)(b)(ii)-(iii). Although Petitioner claims that it never received the summons, Respondents have provided the summonses and affidavits of service that demonstrate that Respondents complied with Charter § 1049-a(d)(2). It is well established that "[a] properly executed affidavit of service raise[s] a presumption that a proper mailing occurred, and a mere denial of receipt is not enough to rebut this presumption." *Kihl v. Pfeffer*, 94 N.Y.2d 118, 122 (1999). Petitioner fails to address the additional notices sent to the Subject {roperty and its mailing address. The Court finds that summons was properly served in accordance with Charter § 1049-a(d)(2).

Under 48 RCNY § 12-61[e], if a respondent defaults twice on the same summons, OATH may grant a new hearing upon a showing of exceptional circumstances in order to avoid injustice. Excuses such as "a death in the family, a hospitalization or even a computer problem which caused the default at the hearing" may, but are not guaranteed, to constitute an exceptional circumstance. *1930 Homecrest Realty LLC v. City of N.Y.*, No. 155200/2023, 2024 WL 37796, at *5 (N.Y. Sup. Ct. N.Y. Cnty. Jan. 3, 2024). Such excuses are more substantial than the excuse that Petitioner has provided. Here, Petitioner has failed to proffer an exceptional circumstance to explain why it failed to appear at the hearings on August 12, 2021, July 21, 2022, and November 10, 2022.

Additionally, Petitioner argues that Mr. Shum was not authorized to represent Petitioner or file the first motion to vacate in March of 2022. This argument was raised for the first time in reply and is therefore not considered. *PK Rest., LLC v. Lifshutz*, 138 A.D.3d 434, 438 (1st Dep't 2016). Even if considered, Petitioner fails to demonstrate that OATHs decision was arbitrary and capricious. Mr. Shum's motion states that he represented Charles Hanson, Petitioner's owner. (NSYCEF Doc. 13) In Mr. Shum's March 2022 motion to vacate and Petitioner's November 2022 motion to vacate, Petitioner attached a Certificate of Correction, executed by Mr. Hanson, swearing he is the managing agent of Petitioner. (NYSCEF Docs. 13 and 16) Additionally, the

155110/2023 CJK Real Estate LLC v. City of New York, et al.  Page 4 of 5
Mot. Seq. No. 001

[* 4]

motion states the Mr. Hanson learned about the summons "[f]rom the landlord of the building sending a screenshot from the OATH database." (NYSCEF Doc. 13) Based on the evidence, the Court will not interfere with OATH's decision denying Petitioner's motion to vacate.

Accordingly, it is hereby:

**ORDERED and ADJUDGED** that the Verified Petition and Notice of Petition (Seq. No. 1) are **DENIED**, and this proceeding is **DISMISSED**; and it is further

**ORDERED** that Respondents shall serve a copy of this Decision and Order upon Petitioner and upon the Clerk of the General Clerk's Office with notice of entry within twenty (20) days thereof; and it is further

**ORDERED** that service upon the Clerk of Court shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (Revised August 15, 2019);[2] and it is further

**ORDERED** that any requested relief not expressly addressed herein has been considered and is denied; and it is further

**ORDERED** that the Clerk shall mark Motion Sequence No. 1 decided in all **court records;** and it is further

**ORDERED** that the Clerk shall mark this proceeding disposed in all court records.

This constitutes the decision and order of the Court.

| January 31, 2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **SHAHABUDDEEN A. ALLY, A.J.S.C.** | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| APPLICATION: | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| CHECK IF APPROPRIATE: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | [ ] STAY CASE |
| | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

---

[2] The protocols are available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Efil-protocol.pdf.

155110/2023 CJK Real Estate LLC v. City of New York, et al.
Mot. Seq. No. 001

[* 5]