| |
|---|
| **Robinson v Pearl Delta Funding LLC** |
| 2025 NY Slip Op 33023(U) |
| July 18, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652234/2025 |
| Judge: Nancy M. Bannon |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**                      PART                61M
                              *Justice*

--------------------------------------------------------------------------------X

JAMIE L ROBINSON,                                        INDEX NO.          652234/2025
                              Plaintiff,
                                                         MOTION DATE         7-18-25
                        - v –
                                                         MOTION SEQ. NO.    003 004 004

PEARL DELTA FUNDING LLC, PROSPERUM CAPITAL
PARTNERS LLC d/b/a ARSENAL FUNDING, ABF
SERVICING LLC, PEARL CAPITAL BUSINESS FUNDING      **DECISION + ORDER ON**
LLC,                                                       **MOTION**
                              Defendants.

--------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 72, 73, 74, 75, 76, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 152

were read on this motion to/for                           DISMISSAL                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 143, 144, 145, 146, 147, 148, 149, 150, 151, 153, 154, 155

were read on this motion to/for                    JUDGMENT - DECLARATORY            .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 143, 144, 145, 146, 147, 148, 149, 150, 151, 153, 154, 155

were read on this motion to/for                     JUDGMENT - SUMMARY              .

By a complaint dated November 12, 2024, Prosperum Capital Partners LLC d/b/a Arsenal Funding (Prosperum), commenced a breach of contract action against Jamie Robinson and three of his business entities to recover $49,547.75, the amount allegedly owed pursuant to five merchant cash advance agreements (MCA) and guaranties on the agreements, all signed by Robinson. That action was brought in the Supreme Court of Monroe County (*Prosperum Capital Partners LLC d/b/a Arsenal Funding v Robinson Client Services Group, Inc. d/b/a Robinson Client Services Group, et al*, Index No. E2024019195). On December 11, 2024, those defendants answered the complaint and asserted 18 affirmative defenses and six counterclaims - for fraudulent misrepresentation, fraud, violation of General Business Law § 349, violation of the federal RICO statutes and usury. That action remains pending.

652234/2025   ROBINSON, JAMIE L vs. PEARL DELTA FUNDING LLC ET AL                Page 1 of 4
   Motion No.  003 004 004

1 of 4

[* 1]

A few months later, on April 8, 2025, Robinson commenced the instant action against Prosperum as well as three other entities related to Prosperum, Pearl Delta Funding LLC, ABF Servicing LLC and Pearl Capital Business Funding LLC. The gravamen of the complaint appears to be that the defendants violated various provisions of the UCC and are also liable under theories of fraud, breach of the implied covenant of good faith and fair dealing and unjust enrichment, in entering into, carrying out and then seeking to enforce the five subject MCAs and guaranties, signed by him on June 26, 2023, September 12, 2023, January 31, 2024, February 22, 2024, and June 21, 2024. In his complaint, Robinson seeks a judgment declaring that the MCAs are unenforceable, and money damages in the amount he alleges to have paid on the MCAs before he defaulted, plus other unspecified compensatory and punitive damages. Essentially, another breach of contract action labeled otherwise. This court declined to sign two orders to show cause filed by Robinson on the ground, among others, that relief may be sought in a prior action pending. Defendants Pearl Delta Funding LLC, ABF Servicing LLC and Pearl Capital Business Funding LLC filed a joint answer with a counterclaim seeking attorney's fees and costs as sanctions for frivolous conduct pursuant to 22 NYCRR 130.1-1.

Prosperum thereafter moved, pre-answer, to dismiss the complaint as against it pursuant to CPLR 3211(a)(4), prior action pending, and 3211(a)(7), failure to state a cause of action (MOT SEQ 003). Robinson moved separately pursuant to CPLR 3212 for partial summary judgment against all defendants seemingly on various portions of his claims (MOT SEQ 004). Robinson opposes Prosperum's motion and Prosperum opposes Robinson's motion. Defendants Pearl Delta Funding LLC, ABF Servicing LLC and Pearl Capital Business Funding LLC filed a joint opposition. Prosperum's motion is granted pursuant to CPLR 3211(a)(4) and Robinson's motion is denied.

CPLR 3211(a)(4) authorizes dismissal where "there is another action pending between the same parties for the same cause of action." Sprecher v Thibodeau, 148 AD3d 654, 656 (1st Dept. 2017). The court may dismiss an action pursuant to CPLR 3211(a)(4) where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same. See White Light Prod., Inc. v On the Scene Prod., Inc., 231 AD2d 90 (1st Dept. 1997). Substantial, as opposed to complete, identity of parties is all that is required. See GMF 157 LP v Inspirit Dev. and Constr. LLC, 235 AD3d 493 (1st Dept. 2025); PK restaurant LLC

652234/2025 ROBINSON, JAMIE L vs. PEARL DELTA FUNDING LLC ET AL
Motion No. 003 004 004

Page 2 of 4

[* 2]

v Lifshutz, 138 AD3d 434 (1st Dept. 2016); Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87 (1st Dept. 2013). Substantial identity of parties "generally is present when at least one plaintiff and one defendant is common in each action." Morgulas v J. Yudell Realty, Inc., 161 AD2d 211, 213 (1st Dept. 1990). Nor is it necessary "that the precise legal theories present in the first action also be present in the second action.'" Syncora Guar. Inc. v J.P. Morgan Sec.LLC, supra at 96 [internal citation omitted]. The court must be mindful that the statute is intended to further the interest of judicial economy, comity and to avoid the risk of divergent rulings (see White Light Prod., Inc. v On the Scene Prod., Inc., supra), and that it has broad discretion in determining whether dismissal pursuant to CPLR 3211(a)(4) is proper. See Whitney v Whitney, 57 NY2d 731 (1982); Nurlybayev v SmileDirectClub, Inc., 205 AD3d 455 (1st Dept. 2022); Aon Risk Svcs. v Cusack, 102 AD3d 461 (1st Dept. 2013).

Prosperum has established entitlement to dismissal pursuant to CPLR 3211(a)(4). While there is not a complete identity of parties, there is a substantial identity of parties. Robinson and Prosperum are parties to both actions and Robinson's present claims, and all named corporate entities are controlled by or associated with either Prosperum or Robinson. To the extent they can be deciphered, Robinsons claims in the instant action arise from the same five MCA agreements at issue in the prior action and thus could be asserted and litigated in the Monroe County action. Moreover, a determination on the claims and counterclaims asserted in the prior action will be substantially dispositive of the claim asserted in the instant action. Notably, Robinson does not address his failure to move to amend his answer in the prior action to add to his affirmative defenses and counterclaims and/or add parties or commence a third-party action. See PK restaurant LLC v Lifshutz, 138 AD3d 434 (1st Dept. 2016); CPLR 3025(b).

The court does not reach Properum's second ground for dismissal, CPLR 3211(a)(7), but notes that, while it cannot confirm Prosperum's contention that Robinson's papers are the product of artificial intelligence, a sanctionable infraction, the allegations in his complaint and motion papers are rambling and often incoherent. Robinson's motion for summary judgment is denied for similar reasons. Additionally, in light of the dismissal of the complaint as against Prosperum on MOT SEQ 001, Robinson's motion is moot as to that defendant.

On a motion for summary judgment, the moving party must make a *prima facie* showing of its entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form sufficient to establish the absence of any material, triable issues of fact. See CPLR

**652234/2025 ROBINSON, JAMIE L vs. PEARL DELTA FUNDING LLC ET AL**
**Motion No. 003 004 004**

Page 3 of 4

[* 3]

3212(b); Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 (2014); Alvarez v Prospect Hosp., 68 NY2d 320, 324 (1986); Zuckerman v City of New York, 49 NY2d 557, 562 (1980). If the movant fails to meet this burden and establish its claim or defense sufficiently to warrant a court's directing judgment in its favor as a matter of law (see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra; O'Halloran v City of New York, 78 AD3d 536 [1st Dept. 2010]), the motion must be denied regardless of the sufficiency of the opposing papers. See Winegrad v New York Univ. Medical Ctr., supra; O'Halloran v City of New York, supra; Giaquinto v Town of Hempstead, 106 AD3d 1049 (2nd Dept. 2013). This is because "'summary judgment is a drastic remedy, the procedural equivalent of a trial. It should not be granted if there is any doubt about the issue.'" Bronx-Lebanon Hosp. Ctr. v Mount Eden Ctr., 161 AD2d at 480 (1st Dept. 1990) quoting Nesbitt v Nimmich, 34 AD2d 958, 959 (2nd Dept. 1970). Here, there is substantial doubt as Robinson's submissions fall far short of meeting the minimum standard for summary relief in the first instance. The court need not look to any opposition to deny this motion. In any event, as set forth in the defendants' opposing papers, numerous issues of fact precluding relief under CPLR 3212 are raised by Robinson's own papers, including his own breach of the five contracts he signed in two capacities.

Accordingly, upon the foregoing papers, it is

ORDERED that the motion of defendant Prosperum Capital Partners LLC d/b/a Arsenal Funding to dismiss the complaint (MOT SEQ 003) is granted pursuant to CPLR 3211(a)(4), and the complaint is dismissed in its entirety as against that defendant, and it is further

ORDERED that the plaintiff's motion for summary judgment pursuant to CPLR 3212 (MOT SEQ 004) is denied in its entirety, and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
**HON. NANCY M. BANNON**

7/18/2025
**DATE**

CHECK ONE:

| | | | |
|---|---|---|---|
| | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| X | GRANTED | | GRANTED IN PART | OTHER |
| | DENIED | | |

[* 4]

4 of 4