Lava Media Pte Ltd. v Hart (2026 NY Slip Op 01011)

Lava Media Pte Ltd. v Hart

2026 NY Slip Op 01011

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 651035/23|Appeal No. 5909|Case No. 2025-00840|

[*1]Lava Media Pte Ltd., Plaintiff-Appellant,
vJohn Hart, Defendant-Respondent.

Brick Law PLLC, White Plains (Brian H. Brick of counsel), for appellant.
Wachtel Missry LLP, New York (Peter D. Raymond and Aisha Deljanin of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered January 13, 2025, which, insofar appealed from, granted defendant's motion for a stay pending the resolution of another action, unanimously affirmed, with costs.
In January 2021, defendant John Hart and another individual filed an action in a court in India against, among others, plaintiff Lava Media Pte Ltd., alleging that Lava Media and the other defendants interfered with his rights to a novel. Although the India court denied an application for a preliminary injunction, the India action remains ongoing. Lava Media then commenced this New York action against Hart in February 2023, alleging, among other things, that in commencing the India action, Hart breached a release and agreement not to sue that he signed in August 2013.
Supreme Court providently exercised its discretion in staying this action pending resolution of the India action. To determine whether the defendants in the India action infringed Hart's copyright, the India court will have to determine whether the August 2013 assignment of rights to Particle Media Private Limited, Lava Media's assignor and predecessor in interest, was valid. If, as Hart contends in the India action, the 2013 assignment is invalid, Hart's covenant not to sue, which is part and parcel of the assignment, will likely also be invalid. In that event, most of the claims in this New York action would be subject to dismissal. As a result, allowing this action to proceed would risk inconsistent adjudications and constitute a waste of judicial resources (CPLR 2201; 215 W. 84th St Owners LLC v Ozsu, 209 AD3d 401, 401 [1st Dept 2022]).
Despite Lava Media's contention otherwise, a stay under CPLR 2201 is not limited to situations in which the action stayed is between the same parties and for the same cause and relief as the other action (see PK Rest., LLC v Lifshutz, 138 AD3d 434, 436 [1st Dept 2016]; Asher v Abbott Labs., 307 AD2d 211, 211-212 [1st Dept 2003]; White Light Prods. v On The Scene Prods., 231 AD2d 90, 93-94 [1st Dept 1997])
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026